Hazelrigg, &c., v. Bronaugh.

CASE 11—PETITION EQUITY—SEPTEMBER 16.

# Hazelrigg, &c., v. Bronaugh.

APPEAL FROM MORGAN CIRCUIT COURT.

1. When a receiver has been appointed by the Court, and is in possession of property, his possession is that of the Court, and it will not be disturbed without leave of the Court.

2. The Court will not permit any one, without its sanction, to intercept or prevent payment to its receiver of anything which he has been appointed to receive, though it may not be actually in his hands.

3. If the status of the case was such that the Court had no power to give relief, the remedy was an appeal to this Court, or an application to the Court for leave to enjoin the receiver.

JOHN T. HAZELRIGG FOR APPELLANT.

The petition and amended petition state that the fund in contest is the property of appellant, Knowles, and that the attempt of the appellee to control it is unwarranted. This, upon demurrer, must be taken as true.

W. T. HAVENS FOR APPELLEES.

1. The judgment in controversy was obtained by a receiver of the Court with the object of bringing the money into Court.

2. There is no averment that the receiver is insolvent.

3. An injunction in this case cannot properly be obtained. (Section 272, Civil Code.)

Hazelrigg, &c , v. Bronaugh.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellants, who were plaintiffs in the Court below, alleged in substance, that in an action in the Morgan Circuit ·Court, of Ball & Brough v. Harrison Knowles, an attachment was sued out and levied upon a steam mill as the property of Harrison Knowles; that the mill was rented under an order of the Court; that G. H. Knowles became the renter and gave bond for the rent, with the appellants, ·except P. B. Turner, as sureties; that afterward the appellee Mynheer was appointed receiver in the action, and ordered ·to collect the rent; that he brought suit on the rent bond and recovered judgment, which was replevied with P. B. Turner as surety; that in the adjudication in the suit of Ball ·& Brough against Knowles no credit was given to Knowles for the rent, and no disposition made of the rent.

Upon these facts Harrison Knowles, who was one of plaintiffs, claims that the unpaid judgment for rent belongs to him, and that the receiver has no right to collect it, and ·upon that ground applied for and obtained a temporary injunction, enjoining the receiver from proceeding to collect ·it. The Court below sustained a demurrer to the petition and dismissed it. From that judgment the plaintiffs appeal.

The judgment is right. When a receiver has been appointed and is in possession, his possession is the possession ·of the Court, and may not be disturbed without leave of the Court. (Robinson v. The Atlantic and Great Western R. R. ·Co., 66 Penn. St., 160; Albany City Bank v. Schermerhorn, ·9 Paige C. R., 372; Wiswall v. Sampson, 14 Howard, 52.)

Nor is the rule confined to property actually in the hands ·of the receiver. The Court will not permit any one, with-·out its sanction and authority be first obtained, to intercept ·or prevent payment to its receiver of anything which he has

been appointed to receive, though it may not be actually in his hands. (Kerr on Receivers, page 167.)

The Court had directed its receiver to collect the rent bond, and he was proceeding to do so when he was arrested by the order of injunction. This was not only unauthorized, but was a contempt of Court for which the appellants were subject to arrest and imprisonment. (Kerr, page 165.)

If no disposition was made of the rent in the suit of Ball & Brough v. Harrison Knowles, the remedy must be sought in that case either by appeal or by application to the Court in that case. If the debt of the plaintiffs in that case was satisfied without the rent, the Court would have ordered the receiver to assign the judgment to Knowles. If the debt was not satisfied, then credit would have been given, or, if the status of the case was such that the Court had no power to give relief, then the remedy was by appeal to this Court, or by applying to the Court for leave to enjoin the receiver.

Judgment affirmed.