CASE 20—PROCEEDINGS AGAINST DELINQUENT TAX-PAY-
ER—JANUARY 17.

# Spalding, Master Commissioner. v. Common-wealth.

### APPEAL FROM MARION CIRCUIT COURT.

1. TAXATION OF FUND IN HANDS OF RECEIVER.—Where the ownership of a·fund in the hands of the circuit court's receiver is in litigation, the county court may, by leave of the circuit court, direct the receiver to list the fund for taxation, or, which is preferable, the circuit court itself should .direct the receiver to list the property and pay the taxes. And the circuit court, in this case, having, by an order, consented that the county court might direct the receiver to list the fund in his hands, and directed him to pay out of the fund whatever taxes might be assessed against it, it was not necessary that the claimants of the fund should be brought before the county court. A proceeding against the receiver alone to compel him to list the fund was all that was necessary.

2. RECEIVER—Before suit can be brought against a receiver, leave of the court by which he was appointed must be obtained.

3. TAXATION—LISTING BY COUNTY COURT.—Under section 25, article 5, chapter 92, of the General Statutes, ·the county court can, in case of a mere failure to list, direct its clerk to take the list of the delinquent, he having first been summoned to show cause against it. The offending in such case is confined to the mere failure to list, and a summons under said section need charge no more.

SAMUEL AVRITT FOR APPELLANT.

1. A rule against a receiver of a court to show cause why he does not list for taxation, funds in his hands as such receiver, is unauthorized by the statute, and such funds are not subject to be listed for taxation. (General Statutes, chapter 92, section 20, article 4, section 4.)

2. The fund in court was not subject to taxation, because the owners thereof did not reside in that county. (City of Louisville v. Shirley, 80 Ky., 71.)

SAMUEL T. SPALDING AND LEWIS EDELIN FOR APPELLEE.

1. The procedure to subject to taxation pursued in this case is authorized by statute and approved by the Court of Appeals. (General Statutes, chapter ·92, article 5, sections 21, 22, 23, 25; L. & N. R. R. Co. v Commonwealth, 8 Ky. L. R., 840.)

2. Personal property is taxable in the hands of the possessor without regard to the residence of the owner. (Commonwealth v. Gaines, 80 Ky., 489; Arnold v. Smith, 3 Bush, 165; Johnson v. Com., 5 Bush, 104; Baldwin v. Shine, 8 Ky. L. R., 501.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The estate of Felix Mercer being in litigation in the Marion Circuit Court, an order was made by it in 1881, placing in the hands of the appellant, and directing him to loan out, about twenty thousand dollars left by the decedent. The Commissioner complied with the order, and has since continued to loan it, owing to the right to the fund remaining unsettled, taking notes therefor, presumably payable to himself. In June, 1885, upon motion of the proper parties, the court granted leave to them to institute suit in the Marion county court to compel the commissioner to list the fund for State and county taxation for the years 1881 to 1885 inclusive; and the order further provided that the commissioner should, out of the fund, pay such sums as might be adjudged for these purposes. It does not appear that the estate had ever been listed for taxation, or that any taxes had ever been paid upon it for the years named. After the granting of this leave, the sheriff of the county reported in writing to its county court clerk, the appellant as delinquent, in having failed to list said fund or pay taxes upon it, and thereupon the latter officer issued a summons against the commissioner to appear before the county court at a time named, and show cause, if any existed, why the estate in his hands should not be listed for the years above named for county taxation.

A demurrer to the proceeding having been over-

ruled, as well as a motion to quash the summons, an answer was filed by the appellant, setting up how he had received the fund; that he had no interest in it, the notes being held by him subject to the order of the court; that the money belonged to Mercer's heirs, who mainly resided in other counties, and were necessary parties to the proceeding; that they were the proper parties to list it, and that he was not the possessor of it, save as commissioner. A demurrer having been sustained to the answer, and the appellant failing to plead further, the county court rendered a judgment, holding him liable for the taxes, and directing its clerk to take the list of the estate in appellant's hands for said years. He appealed to the circuit court. The record is a meager one, and while in the last-named court the motion to quash the summons appears to have been renewed, and the demurrer to the proceeding again presented, yet there does not appear to have been any express ruling as to either, nor was the demurrer filed in the county court to the answer renewed by any order in the circuit court; but it is, perhaps, proper to regard the final judgment in the latter court, and which affirmed the judgment of the county court, as acting upon them, and we will so treat it. No reply was ever filed to the answer in either court.

It is contended, first, that there is no law warranting such a proceeding; that, under the statute, a delinquent can only be proceeded against for a fine and a triple tax, and that a listing can only be compelled, if at all, by means of this penalty. It was, however, settled otherwise in the case of the Louisville &

Nashville Railroad Company v. Commonwealth, 85 Ky. Rep., 198 it being there held that under section 25, article 5, chapter 92, of the General Statutes, the county court could, in case of a mere failure to list, direct its clerk to take the list of the delinquent, he having first been summoned to show cause against it.

The offending in such case is confined to the mere failure to list, and a summons under said section need charge no more. This was substantially done in that issued against the appellant, because he was required to show cause, if any existed, why the estate should not be listed.

It is a general rule, that before suit can be brought against a receiver, leave of the court by which he was appointed must be obtained. This is because one court should not be allowed to take the property or fund already properly under the control of another court away from it. To do so would be a disregard of the rights of those already contending over the estate, and create a conflict of jurisdiction injurious to public interests and individual right. (Barton v. Barbour, 104 U. S. 126.) There was no necessity, however, in this instance for a resort to another forum. It is true that under our law the county court is the only power which can direct the listing of property for taxation which has been omitted by the assessor. Here, however, was a fund in the hands of the court's receiver. It was under its control. It was the estate of a decedent of Marion county. The right to it was in litigation. If the averment of the answer that it belonged to Mercer's heirs, can be considered as one of fact, and

is, therefore, in the absence of a reply to be taken as true, yet the fund had never been distributed, and it was not known what portion of it would finally go to each of them. He or she could not; therefore, intelligently list his or her interest in it. Indeed the litigation might be of such a character as to consume it, or, as a result of it, the heir might not ultimately receive anything, and from the very nature of the case, he or she could not list any portion of it. It was yet the estate of the decedent, subject to distribution by the court. It or its receiver was the possessor of it. The money has always been in Marion county, and has there received the protection of the law, and must, in fact, yet be distributed by its court. Undoubtedly if it had already been listed for taxation, the court, having control of it, could have ordered its receiver to pay the taxes; and we see no reason why, when it had not been listed, the court could not have directed its receiver to do so and also pay the taxes. There was, therefore, really no necessity for obtaining leave to resort to legal proceedings in another tribunal. The circuit court could have ordered its receiver to go into the county court and have it listed and then pay the taxes. It, however, saw fit to arrive at it in an indirect manner; and while it was not the best mode, yet it was not an illegal one. It consented that another tribunal might take jurisdiction over its receiver as to this particular matter, and direct him as to it; and at last, in this instance, by reason of the appeal, it in fact controlled its receiver in the matter, and affirmed what the inferior tribunal had ordered to be done. So that at last the circuit court may be regarded as hav-

ing directed its receiver to go into the county court and list the estate under its control.

It is contended that it will not do to charge officers, like receivers and sheriffs, with the taxes upon funds transiently in their hands, and which may happen to be held by them upon the particular day when the owner or possessor is chargeable with the taxes. In this we concur. It would interfere with the proper transaction of business. The case presented is, however, a different one. Here was the estate of a decedent under the control of the court. It was yet to be distributed. It was yet uncertain to whom it belonged, or, at least, what portion, if anything, each heir would finally receive. From the very necessity of the case it was proper for the court to consent that another tribunal might direct its receiver to list the estate in his hands, or, what would have been preferable, it should itself have directed its officer to go and list it and pay the taxes.

The order of the circuit court granting the leave to another tribunal to pass upon the question of assessment also directed its receiver to pay any taxes that might be assessed against the fund. This entitled him to a credit, for any sum he might thus pay, and in fact, its judgment upon the affirmance of the appeal from the county court expressly directs such credit to be given. No loss can, therefore, come to him.

The provisions of chapter 92, of the General Statutes, show it was intended that all property should contribute its proper proportion to the means necessary to support the county and State governments. They were enacted in the spirit of fairness and equality;

and property situated like that in question will escape, and receiverships become exceedingly popular, unless the court in control of it can order its officer holding it to list it and pay the taxes upon it. Where the ownership of the fund is in question and it is in litigation, there is no other practical way of reaching it. Here it could not be properly assessed to the owner. Even if by reason of the averment in the answer of ownership in the heirs it can be said that the owners were known, yet there had been no distribution of it to each of them—its *situs* had not changed—and one of them in giving in his list could not take into consideration any of this estate, because he could not tell what he would ever get, if any of it. It is unlike the case which was presented in the city of Louisville v. Sherley, etc., 80 Ky. Rep., 71, because there, not only the ownership of the fund sought to be taxed had been ascertained, but it had been allotted to the owner.

It is contended, however, that it belongs either to the personal representative or the heirs; and that they should have been brought before the county court and the question determined. This would, perhaps, have required the inferior court to determine the very question at issue in the superior tribunal, and which might for years be undetermined. Such a conflict of jurisdiction would not only be useless, when the taxes could, without injury to any one, be paid out of the fund by the receiver, under the order of the court, but might result in serious injustice. If the heir alone were proceeded against, he could very well say, there has been no distribution of the estate. I do not

know the value of my interest, if I have any, or what I will ultimately receive.

The estate should pay its proper proportion of the public burden in return for its protection under the law ; and unless the mode indicated herein be followed, it and many thousands of dollars situated like it, would escape taxation.

Judgment affirmed.