111   667
f115   664
115   804

111   667
126   111
c126   217

CASE 71—ACTION TO ENJOIN THE COLLECTION OF TAXES—Oct. 3.

# Board of Council of Frankfort v. Fidelity Trust & S. V. Co.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    AFFIRMED.

TAXATION—MORTGAGES HELD BY NON-RESIDENTS—PERSONS ENTITLED TO SUE.

Held: 1. A mortgage on real estate in Kentucky, and the bonds secured thereby, held by a non-resident, are not subject to taxation in Kentucky, though the trustee named in the mortgage resides in Kentucky; there being no statute giving a situs to mortgages owned by non-residents as property within the State.

2. A mortgage trustee, in whose hands funds due non-resident bondholders are sought to be attached to pay taxes on the mortgage and bonds, may maintain an action to enjoin the collection of the taxes, as such collection would materially affect the credit of the mortgagor, and might precipitate a foreclosure under the terms of the mortgage.

T. H. CROCKETT, JOHN W. RODMAN, IRA AND W H. JULIAN, FOR APPELLANT, JOHN W. RAY, OF COUNSEL.

### POINTS AND AUTHORITIES CITED.

The State has power to tax mortgages and other choses in action of non-residents, provided the property mortgaged lies within the State.

Savings and Loan Soc. v. Multnomah county, 169 U. S., 421; Bristol v. Washington county, 177 U. S., 133; Bank of U. S. v. Mississippi, 12 S. & M., 456; Maltby v. Railroad Co., 52 Pa., 147; City of Detroit v. Lewis, 66 N. W., 958; Allen v.

National Bank, 48 Atlantic Rep., 78; Redmond v. Commissioners, 87 N. C., 122; Dundee Mortgage Co. v. School Dist., 19 Fed. Rep., 359; 24 Fed., 197; Walker v.     Jack, 88 Fed., 576; People v. Barker, 23 App. Div. Rep., 524 (N. Y.)

All property that can by any law be taxed in this State must be assessed and is taxed, unless exempted by the Constitution itself. Constitution, sections 170, 172 and 174; Kentucky Statutes, sections 4020, 4022, 4023, 4052, 4058, 3376, 3377 and 3381; City of Covington v. Commonwealth, 19 L. R., 105

By the terms of the mortgage and bonds therein set out, Grant Green is a trustee and agent of the lenders, and this fact together with the permanency of the loan, gives the property a local situs for the purpose of taxation. Jones on Corporation Bonds and Mortgages, sections 299 and 33; Maltby v. Railroad, 52 Pa., 147; Cook on Corporations, section 815; Miller v. Railroad, 36 Vt., 452; Redmond v. Commissioners, 87 N. C., 122.

Appellee alleges in the petition that it has no interest in the property and yet asks an injunction to prevent the taxation of that property. Again the petition alleges that it owns a right and title to one-tenth of the Water Company's income, and it says this interest will be injured. In order to maintain the action appellee must have an interest. If it has any interest, that interest is taxable.

The names of the alleged owners of the bonds are not disclosed by the petition. The presumption will be that if disclosed it would injure appellee's case, by showing them to be in Frankfort or in some State where the property is not taxable, for the reason it is located here, as in New York. People v. Smith, 88 N. Y., 576;

All doubts will be resolved against granting an injunction of a tax. Phoenix Ins. Co. v. Tenn., 161 U. S., 177; State v. Keokuk & W. Ry. Co., 133 Mo., 157.

JOHN W. RAY, ATTORNEY FOR APPELLANT.

Taxation: A party who alleges he has no interest, right or title in the property taxed, can not maintain an action to enjoin the collection of taxes thereon.

If a party has such an interest as will enable him to maintain an action for injunction, he has a taxable interest, and such interest is taxable at his residence. The trustee resided in Frankfort and he brings, or rather his successor, to enjoin the collection of taxes by the city of Frankfort.

The property here—Mortgage and bonds payable to Grant Green or bearer are taxable locally in  Frankfort, as at the time

Green lived in Frankfort and the property mortgaged is situated in Frankfort, and the name and residence of the beneficial owner or holder of the bonds is not disclosed, nor the property shown to have been listed for taxes elsewhere.

Const., secs. 172, 174; Kentucky Statutes, secs. 4020 4023, 4022, 4058; 169 U. S., 421; 177 U. S., 133; Lexington v. Fishback. 60 S. W., 727; 175 U. S., 309; New Orleans v. Stempel, 34 Federal, 355, (Strong case) 24 Federal, 197; 88 Federal, 576.

D. W. LINDSAY, FOR APPELLEE.

1. Counsel in their brief state the proposition: "That a party who alleges he has no interest, right, or title in property taxed, can not maintain an action to enjoin the collection of taxes thereon." The statement is adroit and ingenious, but has no application here. What we contend for is, if a party has no interest, right or title in, or possession or control of property, but the same is owned, controlled and possessed and managed by another than the owner, the former can not be lawfully assessed for taxation on such property of another, and can lawfully resist the effort to enforce the collection of the taxes from him.

The questions presented by this appeal are:

*First.* Is the property covered by a mortgage executed to a trustee for the purpose of his holding, and enforcing, if it should become necessary, the lien by the mortgagee to secure bonds or credits held and owned by others, assessable for taxation against such mortgagee trustee?

*Second.* Is the mortgagee trustee, in such a mortgage, with no right in or title to, or possession or control, as trustee agent or otherwise, of the bonds or credits secured by the mortgage, assessable for taxation for such bonds or credits?

Our contention is:

1. That a mortgagee acquires by the mortgage no estate or right of property in the property mortgaged.

2. That a mortgage has no existence or value independent of the debt or credit secured thereby, and attaches to and belongs to the holder and owner of the credit wherever he may be; and

3. That in this State the *situs* of credits or choses in action for the purposes of taxation, is the domicile of the owner—the real or beneficial owner.

### AUTHORITIES.

1. Injunction a proper remedy to restrain the collection of an illegal tax. Gates, &c., v. Barrett, &c., 79 Ky., 295, 296.

2. A mortgagee acquires by the mortgage no estate or right of prop-

·erty in the property mortgaged. A mortgage has no existence or value independent of the debt or credit secured thereby, and attaches and belongs to *the holder and owner of the credit wherever he may be.* 94 Ky., 271-276, Mencantile Trust Co. v. South Park Residence Co.; ; 78 Ky., 496, Taliaferro v. Gay; 14 Bush, 788, Woolley v. Holt; 12 Bush, 608, Douglass v. Kline; Desty on Taxation, vol. 1, sec. 11, pp. 11, 62 and 330; Cooley on Taxation page 63; 27 L. R. A., 797 Holland v. Comrs. Silver Bow Co.; 3 Mont., 173 Gallatin Co. v. Beattie; 71 Mich., 31 Taggard v. Salinac Co.; 100 U. S., 491, Kirtland v. Hotchkiss.

3. That in this State the situs of credits, or choses in action for the purposes of taxation, is the domicile of the owner—the real beneficial owner. The authorities cited above, and MSS. Opin. Feb. 8th, 1901, Lexington v. Fishback's Trustee; 80 Ky., 71 Louisville v. Sherley, &c., 4 Bush 136, Thomas Gdn v. Mason County Courts; 8 B. M., 2 Commonwealth v. Hays; 100 U. S., 491 Kirtland v. Hotchkiss; 12 Iowa, 539; 300 and 324; 12 Iowa, 539; ;25 Cal., 603; 25 Colo., 349; Kentucky Statutes, secs. 3374, 3376, 3381 4020 and 4049.

4. The case at bar distinguished from 84 Ky., 597, Baldwin v. Shine; 88 Ky., 141, Spalding v. Commonwealth; 32 L. R. A., 441, City of Detroit v. Lewis, 177 U. S. 133, Bristol v. Washington Co.; 58 Am. Dec., 31, Walla Walla v. Moore.

OPINION OF THE COURT BY JUDGE. BURNAM—AFFIRMING.

In July, 1885, the Frankfort Water Company, a domestic corporation, pursuant to a provision of its charter, issued and sold upon the market 125 negotiable bonds, for $1,000 each, which were made payable to Grant Green, of Frankfort, Ky., or bearer. They were to run twenty-five years, and bear interest at five per cent. per annum, payable semiannually; and the principal of these bonds and the accruing interest thereon were secured by a first mortgage upon all the property of the water company, which was located in Franklin county, partly within and partly outside of Frankfort. The mortgage was executed to Grant Green as trustee. It provided that, beginning with the 1st day of July, 1890, ten per cent. of the gross revenue

received by the water company from its customers, ex-
clusive of the city of Frankfort, should be paid to the
trustee semiannually and be by him applied to the redemp-
tion of the bonds. The water company had contracted
with the board of councilmen of the city of Frankfort to
furnish to the city during the existence of the mortgage,
water and the use of 100 hydrants, located at certain
designated points in the city, for which the city agreed to
pay $6,250 per annum; and it was stipulated that this fund
should be paid over to the trustee named in the mort-
gage, to be applied by him to the payment of the interest
on the outstanding bonds as it became due; the interest be-
ing made payable at the Bank of America in the city of
New York. The amount which the city thus contracted to
pay for the use of the hydrants was the exact interest
on the 125 bonds at the rate of five per cent. It further
provided that so long as the water company paid the in-
terest due on the bonds, the taxes and other charges
against the property, and preserved it in good condition,
it was to retain the possession and control, and to receive
the income and profits arising therefrom, but that, if it
should fail for ninety days to pay the semiannual interest
on the bonds as it became due, after presentation and de-
mand of any of the coupons, the whole of the principal
of the outstanding bonds should, at the option of the hold-
ers thereof, become due and the trustee should, on the
written request of the holders of a majority of the bonds,
take possession of the mortgaged property and operate it
for the mutual benefit of the holders of the bonds, or he
might institute suit in any court having jurisdiction there-
of for a sale of the property for the benefit of the bond-
holders equally, deducting necessary cost and expenses
of such proceeding. Green having died in September, 1898,

the Fidelity Trust & Safety Vault Company of Louisville
was appointed and qualified as trustee in his place. Dur-
ing the incumbency of Green as trustee no part of the sink-
ing fund contemplated in the mortgage for the payment
of the principal of the bonds was accumulated; the entire
income of the water company having been spent in keeping
up current expenses. After the appointment of the trust
company, $11,000 was paid over to it by the water com-
pany, which was used by it in purchasing and canceling
eleven outstanding bonds. In May, 1900, a special board
of tax supervisors for the city of Frankfort certified to the
city clerk for taxation under the levies of the years 1896,
1897, and 1898, as omitted property, the mortgage from
the water company to Green, trustee, and the bonds secur-
ed thereby, at the assessed value of $125,000, and the tax
on the property so assessed for the years named, amount-
ing to $5,427.50, was immediately listed by the direction of
the city authorities with the tax collector, who served
notice of garnishment upon the water company, the trus-
tee, and the board of sinking fund commissioners for the
city, notifying them of the amount of such tax, and warn-
ing them not to pay the interest coupons as they fell due
until the tax had been paid. Thereupon appellee instituted
this suit for an injunction to restrain the collection of the
tax alleged to be due. In addition to the facts hereinbe-
fore recited, the petition alleged that neither Grant Green
nor appellee, as his successor, ever had any interest in,
possession of, or control over the property covered by the
mortgage, nor had either of them ever at any time, either
in their own right, or as trustee, or agent, or in any other
capacity, ever had possession, control, ownership, or in-
terest in any of the bonds secured by the mortgage. De-
fendant interposed a general demurrer to the petition,

which was overruled; and, declining to plead further, and electing to stand by its demurrer, it was adjudged that the alleged assessment and tax levies had thereunder by the city of Frankfort were illegal and void, and the city and its tax collector were enjoined from assessing the mortgage from the Frankfort Water Company to Grant Green, trustee, dated July, 1885, or the bonds secured thereby, or from collecting or attempting to collect in any manner any taxes from plaintiff on account of said mortgage or bonds.

The only question presented for decision in the case is whether or not the mortgage and bonds secured thereby are subject to taxation by the city of Frankfort.   To support the contention of the city, sections 170, 172, 174, 175 of the Constitution, and section 4020, 4022, 4043, 4049, 4058 of the Kentucky Statutes are relied on, and also sections 3377 and 3381 of the charter of cities of the third class, to which Frankfort belongs.    It is the contention of appellant that the mortgage executed by the water company to Grant Green, as trustee, has a local situs in the city of Frankfort, because a large amount of the property covered by the mortgage is within the corporate limits, and the corporation has its principal place of business there, and the trustee named in the mortgage is a citizen of the city, and for the further reason that the water company has not disclosed the names or place of residence of the bondholders.   To support this contention we are referred to quite a number of very interesting cases which have been decided in recent years by the supreme court of the United States, involving this and kindred questions, the last of which is the case of Bristol v. Washington Co., 177 U S., 133, (20 Sup. Ct., 585), (44 L. Ed., 701).   The facts

in that case were that a citizen of New York kept a large amount of money in the hands of a business agent in the State of Minnesota for purposes of investment and reinvestment; the money being left there for many years. There was a statute of the State which required agents and attorneys holding funds in their hands of this character to list them for taxation. This was resisted by the New York creditor on the ground that the situs of personal property was always at the place of domicile of the owner, and that the act of the Minnesota legislature subjecting the property was in conflict with the Constitution of the United States. The supreme court held that the New York creditor had given his money an actual situs for purposes of taxation within the State of Minnesota by permanently keeping it there for purposes of investment. The ruling was in effect the same as that in the case of City of New Orleans v. Stemple, 175 U. S., 309, (20 Sup. Ct., 110), (44 L. Ed., 174). In that case the court held that the State had the authority to tax credits within the State belonging to nonresidents, and uses the following language: "If we look to the decisions of other States, we find the frequent ruling that when an indebtedness has taken a concrete form, and become evidenced by note, bill, mortgage, or other written instrument, and that written instrument evidencing the indebtedness is left within the State in the hands of an agent of the nonresident owner, to be by him used for the purpose of collection, or deposit, or reinvestment within the State, its taxable situs is in the State." In the case of Savings & Loan Soc. v. Multomah Co., 169 U. S., 422, (18 Sup. Ct., 392); (42 L. Ed., 803,) it was held that a statute of the State of Oregon taxing mortgages of lands in that State to the mortgagees in that county where the land lies did not, when applied

to the mortgages owned by citizens of other States and in their possession outside of the State of Oregon, contravene the fourteenth amendment to the Constitution of the United States. In that case there was an express statute that debts secured by mortgages on land in any county of the State of Oregon should, for purposes of taxation, be deemed and considered as indebtedness within the State. So in the case of City of Detroit v. Lewis (Mich.) 66 N. W., 958, (32 L. R. A., 439), it was held that it was within the power of the Legislature to impose a tax on credits in the case of a resident trustee, holding the absolute legal title thereto in trust for nonresidents of the State. In that case the trustee not only held the absolute title, but had actual possession of the mortgaged property. Another case cited and relied on is the case of Jesse French Piano & Organ Co. v. City of Dallas (Tex. Civ. App.) 61 S. W., 942. It was held that where a corporation chartered in Indiana manufactures pianos in Indiana, stores them in St. Louis, and had an office in Dallas, Tex., from which agents were sent out over the State to sell pianos and take notes in payment therefor, secured by mortgages on the instruments sold, the notes being made payable at different points in Texas, and were then sent to the manager at Dallas, who kept them for collection, remitting to St. Louis only the balance after the payment of all expenses, gave to the notes a local situs, which made them liable for taxation at the place where they were held.

The cases which have been referred to, supra, are supported in the main by numerous other authorities, which we have not the time to discuss, and from them it appears that courts have differentiated the general rule with regard to the situs of personal property in certain cases for purposes of taxation. One class of these cases is

where by statute the mortgage or credit is declared to be an interest or estate in the mortgaged property, made assessable against the holder of the credit at the situs of the property. Another class is where the title of the credit is actually in the trustee named in the mortgage. A third is where a nonresident turns over his money to a local business agent for purposes of investment and reinvestment. In the two latter classes of cases the same ruling has obtained in this State for many years. For instance, in the case of Baldwin v. Shine, 84 Ky., 502 (8 R. 496) (2 S. W., 164) it was held that it was the duty of the administrator residing in this State, who had in his possession and held title to personal property belonging to a nonresident, to list it for taxation at the residence of the administrator. So in Spalding v. Com., 88 Ky., 141 (10 R. 714) (10 S. W., 420), it was held to be the duty of a court receiver to list property in his hands for taxation at the point where he resided, without regard to the domicile of the beneficial owners. On the other hand, it was held in City of Louisville v. Sherly, 80 Ky., 71 (3 R. 566) that the situs of stocks and bonds held by a guardian, who resided in the city of Louisville, for infants domiciled outside of the city, was at the home of the infants, and not liable for city taxes; and in the very recent case of City of Lexington v. Fishback's Trustee, 109 Ky. 770, Rep., 1392 (60 S. W., 72), it was held that a trust company in Lexington, who held the legal title as trustee to personal estate for the use of a beneficiary who resided elsewhere in the State, was liable for taxation only in the county of the residence of the beneficiary. It has been settled in this State by a long line of decisions that the legal title to the mortgaged premises, both in law and in equity, remains in the mortgagor during the life of the mortgage. In Wooley v. Holt, 77 Ky., 788, Judge Hines

says: "Since the adoption of our Civil Code, and under late decisions of this court, the following propositions may be considered as established law: First, that a mortgage is a mere security for debt, and that substantially, both in law and equity, the mortgagor is the real owner of the property,"—citing Douglass v. Cline, 75 Ky., 608, and numerous other cases. In discussing this question, Desty on Taxation (volume 1, p. 330) says: "The mortgagor, before foreclosure, is the owner of the property, and his interest is real estate, to be conveyed, attached, taxed, and inherited as such, while the interest of the mortgagee is mere personal estate, and the mortgage has no existence independent of the thing secured by it, and the payment of the debt discharges the mortgage. . . . A mortgage in the hands of the mortgagee is liable to be taxed at the domicile of the creditor; and tax on money at interest secured by a mortgage on land is a tax neither on the coin, the land on which the security is taken, nor upon the paper on which the promise is written, but on the chose in action or right to collect the debt."

Undoubtedly, the general rule, both in this State and elsewhere, is that the situs of personal property is presumed for purposes of taxation to be that of the domicile of the owner. Com. v. Hays, 8 B. Mon., 1; Thomas v. Mason County Court, 4 Bush, 135. This presumption is, however, overcome by certain exceptional conditions, as illustrated in the foregoing cases, and has been regulated in many of the States by statutory provision. There is no contention that the Legislature in this State has enacted any statute changing this well-recognized rule that for purposes of taxation mortgaged real estate is taxed to the mortgagor, and the credit secured by the mortgage is treated as personal property like any other chose in action,

and taxed to the creditor at his domicile. Cooley, Tax'n, 63; Eells v. Holden (C. C.) 2 McCrary, 622 (12 Fed., 668); Grant v. Jones, 39 Ohio St., 514; City and County of San Francisco v. Mackey (C. C.) 22 Fed., 602; People v. Smith, 88 N. Y., 577; Com. v. Chesapeake & O. R. Co., 27 Grat., 344. And until the Legislature has by a statute given a situs to mortgages owned by nonresidents as property within the State, there is no occasion for the courts to depart from the long-recognized rule in this State to tax mortgaged real estate to the mortgagor, and the mortgage itself, when owned and controlled by a non-resident of the State, as personal property, to be taxed, like other choses in action, at the domicile of the creditor.

It has been suggested that appellee has no such interest in the property sought to be taxed as authorized it to maintain this action to enjoin the collection of taxes thereon. We can not agree to this contention. Appellant sought to attach funds in its hands due to the nonresident bondholders. If its contention should prevail, it would at once materially affect the credit of the water company, and might precipitate a suit for foreclosure under the terms of the mortgage. We are of the opinion that it has the right to maintain the suit, and that the mortgage is not subject to taxation as property in this State. Judgment affirmed.

Petition for rehearing by appellant overruled.