## Commonwealth, by Hammond, Revenue Agent, v. Gibson Oil Co.'s Receiver et al.

(Decided May 15, 1936.)

W. L. HAMMOND for appellant.
W. T. DAVIS and ROBERT WATSON for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The commonwealth of Kentucky, by W. L. Hammond, its revenue agent for Bell county, sued the appellee, P. M. Parsons, as receiver of the Bell circuit court, without first procuring permission from the court to institute the suit.

Upon a hearing of the special demurrer to the petition, filed by the appellee, raising the question of the appellant's lack of authority to sue, it was sustained by the court and appellant's petition dismissed.

The commonwealth has appealed, asking our revision of this ruling, assailing it as erroneous.

The one question thus presented by the appeal is: Can the receiver of a court be sued without first obtaining permission of the court appointing him to institute the suit?

Appellant insists that the trial court committed a reversible error in adjudging that it could not be done.

The appellant, who filed this suit in the lower

court, alleged in his petition that in 1933 there was instituted for the commonwealth of Kentucky, by its revenue agent, A. B. Rouse, against the Gibson Oil Company, an action in the Bell circuit court for the recovery of taxes alleged due it by the oil company, wherein it was adjudged, by agreement of parties, that there was then due and unpaid by the defendant company taxes in the sum of $18,775.14. Further he alleged that since the rendition of that judgment, there had been paid thereon the sum of $7,389, leaving a tax balance now due the commonwealth of $11,386.14 with accrued interest thereon. Further the petition alleged that thereafter the Bell circuit court, in an action styled K. N. Harris v. Bertha Gibson, Administratrix, the Gibson Oil Company, etc., pending therein, at its September, 1935, term, ordered and adjudged that the defendant Gibson Oil Company be placed in receivership and that the appellee P. M. Parsons be appointed receiver therefor. Whereupon, the receiver duly made report to the court of the company's financial condition, showing that it was then totally insolvent and unable to pay its debts or any material part thereof.

Upon such showing made, it was ordered by the court that the receiver advertise and sell all the company's property on November 4, 1935, to pay its debts.

Neither the state tax commission nor its revenue was made a party to that suit.

However, the state tax commission, upon becoming advised of the court's having adjudged such sale to be made, by reason of the company's reported insolvency, directed its revenue agent for Bell county, W. L. Hammond, to institute action to restrain the court's receiver from making the directed sale.

Acting under such order, the appellant filed a petition in the Bell circuit court, seeking a restraining order forbidding the receiver from making sale of the insolvent company's property, as directed by the court, upon the several grounds of irreparable damage, etc., therein alleged.

The trial court, upon its hearing of the plaintiff's motion for a restraining order or temporary injunction against its receiver, first granted same, prohibiting him from proceeding with the sale of the property until the

further hearing and orders of the court. Thereupon the appellee filed a special demurrer to the petition, upon the ground that the plaintiff was without authority to institute the action against the court's receiver of the Gibson Oil Company without first procuring the court's consent to sue him.

The court sustained the special demurrer to the petition and dismissed it.

It may be conceded, at the very beginning of our consideration and disposition of this question here presented, that it appears the weight of authority in this country is to the effect that failure to secure permission to sue a receiver appointed by a state court does not affect the jurisdiction of the court in which the suit is brought. To such effect, see annotation in 29 A. L. R. 1460. It is further shown in said extended annotation at page 1471 that in the English and Canadian jurisdictions, the cases hold that leave of the appointing court is essential to the maintenance of an action against a receiver, and without it there is no jurisdiction to entertain the suit. However, there is substantial authority for the rule, announced in many domestic jurisdictions, among which is our own, that leave to sue a receiver is a jurisdictional fact. Smith v. St. Louis & S. F. Ry. Co., 151 Mo. 391, 52 S. W. 378, 48 L. R. A. 368; 74 Am. St. Rep. 287; Hazelrigg v. Bronaugh, 78 Ky. 62; Spalding v. Commonwealth, 88 Ky. 135, 10 S. W. 420, 10 Ky. Law Rep. 714.

Appellant insists that even conceding that the trial court's consent to the suing of its receiver is a jurisdictional fact, the court in the instant case, by granting and signing the restraining order, based on the allegations of the petition, did thereby give his consent to the proceedings as effectually as if he had signed a formal order upon his motion made that he be given permission; that had it not approved the bringing of the suit, the court would have so indicated by refusing to sign the order granting the temporary injunction, as such refusal would of itself have been a denial by the court of permission to prosecute the action against the receiver.

To this argument the appellee responds that same is unsound, for the reason that a temporary restrain-

ing order is granted after a petition is filed, and therefore can be issued only after a suit has been filed or is pending, rather than preliminary thereto.

In the Hazelrigg Case, supra, the suit was instituted against the receiver in the court appointing him, wherein a restraining order was sought, prohibiting him from proceeding with the carrying out of a prior order of the court, and upon a hearing by the court, the temporary restraining order sought was issued, when, upon a special demurrer being filed to the suit and the court's attention called to the fact that the plaintiff had not first obtained its permission to file and prosecute the suit, the demurrer was sustained and the action, brought without its prior consent, ordered dismissed. Upon an appeal taken from the court's so ruling, it was approved as correct, the court saying:

"The judgment is right. When a receiver has been appointed and is in possession, his possession is the possession of the Court, and may not be disturbed without leave of the Court. (Robinson v. Atlantic & Great Western Ry. Co., 66 Pa. 160; Albany City Bank v. Schermerhorn, 9 Paige [N. Y.] 372 [38 Am. Dec. 551]; Wiswall v. Sampson, 14 How. 52 [14 L. Ed. 322].)

"Nor is the rule confined to property actually in the hands of the receiver. The Court will not permit any one, without its sanction and authority be first obtained, to intercept or prevent payment to its receiver of anything which he had been appointed to receive, though it may not be actually in his hands. (Kerr on Receivers, page 167.)"

Also, in the later case of Spalding v. Commonwealth, 88 Ky. 135, 10 S. W. 420, 422, 10 Ky. Law Rep. 714, the principal announced in the Hazelrigg Case, supra, was approved, the court saying:

"It is a general rule that before a suit can be brought against a receiver leave of the court by which he was appointed must be obtained."

Without extending the opinion by a further discussion of these principals, we deem it sufficient to say

that, inasmuch as the questions presented upon this appeal are identical with those considered and passed upon by this court in the Hazelrigg Case, supra, the opinion in that case is conclusive of the rights of the parties in this and the trial court properly applied its announced legal principles as controlling of its judgment rendered.

Therefore, upon the authority of that case, we conclude that the challenged judgment based thereon should be, and it is, affirmed.