## Wheeler v. Inland Gas Corporation.

May 14, 1948.

C. F. See, Jr., and M. J. See for appellant.

Porter Gray and Eldred E. Adams for appellee.

Opinion of the Court by Chief Justice Sims— Affirming.

C. B. Berry owned a tract of land in Lawrence

County and on June 30, 1928, he entered into a contract with appellee, Inland Gas Corporation, wherein it was given the right to lay its gas line across Berry's land. The contract gave Berry the right to tap the line at his expense and the Company agreed to furnish him gas from its line at a given rate. It was further provided in the contract that the Company would bury its line below plow depth. The contract recites that it is a covenant running with the land and is to remain in force as long as the line is maintained. Soon after this contract was made the Company constructed its line over the land of Berry.

Berry subsequently sold a part of the land over which the line ran to appellant, Jake Wheeler. On Oct. 26, 1935, the Company was adjudged a bankrupt in the United States District Court for the Eastern District of Kentucky, and it was in the process of re-organization under sec. 77B of the National Bankruptcy Act, 11 U. S. C. A. sec. 207, when the action now before us was instituted in 1947. Upon the Company being adjudged a bankrupt in 1935, an order was entered by the bankruptcy court naming Ben Williamson Jr., trustee for the bankrupt Company, and granting the trustee an injunction restraining creditors and all other persons having any claim, right, title or interest in or to any property of the bankrupt from instituting or prosecuting any action at law or proceeding in equity against the bankrupt, its receiver or trustee to take possession of, remove or dispose of, or in any manner disturb any portion of its assets, without first having obtained permission from the judge of the United States District Court for the Eastern District of Kentucky to institute such action.

On Feb. 3, 1947, appellant filed this action in equity in the Lawrence Circuit Court against the Company wherein he asked the court to require the Company to furnish him gas as it does other customers along its line, and to require the Company to bury its line below plow depth where same runs over his land. The trustee of the bankrupt Company filed a special plea questioning the jurisdiction of the Lawrence Circuit Court, wherein he set out and filed as an exhibit with his pleading the restraining order referred to in the above paragraph, and averred that neither appellant nor any one

for him had obtained leave of the bankruptcy court to maintain or prosecute this action. The trustee asked that his special plea in abatement be sustained and that appellant's petition be dismissed. The relief asked was granted the trustee and this appeal followed.

Appellant does not ask for damage suffered by reason of the Company's failure to bury its line, but he is seeking to have the court require the Company to bury its line. To do this would not only cost the Company out of all proportion to any inconvenience or damage appellant may suffer because of the line remaining on top of the ground, but it would stop, at least temporarily, a large flow of gas to many industrial concerns in the territory served by the Company. Also, appellant is asking that the character of the bankrupt Company's business be changed, in that domestic users of gas be added to its customers when theretofore its sole business was supplying commercial users with gas, with the exception that it supplied the homes of landowners giving it permission to lay its line over their lands.

It is thus seen that this action involves the use, control, maintenance and operation of the bankrupt's property, thereby interfering with the administration of its estate, which is in the custody of the bankruptcy court which had issued the order restraining the bringing of such an action without its leave. Therefore, this action cannot be maintained in the Lawrence Circuit Court without leave having been first obtained from the court in which the bankruptcy proceedings were pending. It can hardly be doubted that the appointing court has exclusive jurisdiction over the management of the bankrupt's estate and may protect such jurisdiction by an injunction. This is so well established by both federal and state authorities that we will only cite a few of them. Commonwealth v. Gibson Oil Co.'s Receiver, 264 Ky. 272, 94 S. W. 2d 685; American Brake Shoe & Foundry Co. v. Interborough R. T. Co., D. C., 10 F. Supp. 512, affirmed 2 Cir., 76 F. 2d 1002; In re Standard Gas & Electric Co., 3 Cir., 139 F. 2d 149.

In the Brake Shoe case the court pointed out that suits for damages arising in the operation of the bankrupt concern, which are permitted under the Judicial Code, sec. 66, 28 U. S. C. A. sec. 125, without the author-

ity of the bankruptcy court, does not authorize the bringing of suits against the trustee which involve the use, management or administration of the property in the trustee's hands. Such actions for damages only determine whether or not the plaintiffs therein have claims against the bankrupt's estate. If it is adjudged they have, then their judgments are provable against the bankrupt. But such actions do not interfere with the trustee's management or administration of the estate. Therein lies the difference between actions permitted under 28 U. S. C. A. sec. 125, without leave of court, and an action like the instant one which interferes with the trustee's administration of the bankrupt's estate and can be maintained only by leave of bankruptcy court.

In support of his position that it is not necessary to obtain permission from the bankruptcy court to prosecute this action, appellant cites such domestic cases as Rice v. Kelly, 226 Ky. 347, 10 S. W. 2d 1112, and such foreign cases as St. Louis B. & M. Ry. Co. v. Texas Mexican Ry. Co., Tex. Civ. App., 181 S. W. 2d 895, which latter went to the Supreme Court and is reported in 328 U. S. 134, 66 S. Ct. 937, 90 L. Ed. 1132; Smith v. Folsom, 190 Ga. 460, 9 S. E. 2d 824; Baldwin v. Neal, 190 Ark. 673, 80 S. W. 2d 648. These cases are easily distinguished from the one at bar.

The Rice case was decided prior to the enactment of sec. 77B of the National Bankruptcy Act, 11 U. S. C. A. sec. 207, which gives the bankruptcy court exclusive jurisdiction of the bankrupt's estate in a re-organization proceeding, such as was pending when the instant suit was filed in the Lawrence Circuit Court. In the Tex-Mex case the restraining order of the bankruptcy court expressly allowed actions against the trustee for damages growing out of the operation of the road. It was not necessary for the order to so recite as sec. 66 of the Judicial Code, 28 U. S. C. A. sec. 125, allows such actions. In the opinion in that case in the United States Supreme Court it is said that had the suit attempted to interfere with the trustee's operation of the road, it could not have been prosecuted without the bankruptcy court's permission. The Baldwin case, like the Tex-Mex case, was one for damages against the trustee who was operating a bankrupt railroad. In the

Smith case there was no interference with the trustee's administration of the bankrupt's estate and the result of filing an interpleader bringing him into the state court was to invite him to share in more assets of the bankrupt's estate.

For the reasons given, the judgment is affirmed