Frank PRICE et al., Appellants,

v.

Ben WILLIAMSON, Jr., Trustee in Bankruptcy for the Inland Gas Corporation, Appellee.

Court of Appeals of Kentucky.

Oct. 19, 1956.

Rehearing Denied Oct. 4, 1957.

Claude P. Stephens, Prestonsburg, for appellants.

Combs & Combs, Prestonsburg, Gray & Woods, Ashland, for appellee.

MILLIKEN, Chief Justice.

This case involves one aspect of the relationship of the court of a state with a Federal trustee in bankruptcy under Section 77B of the Bankruptcy Act concerning corporate reorganization, enacted in 1934 and later largely incorporated in the "Chandler Act" of 1938, 11 U.S.C.A. § 511.

Appellants, Frank Price and G. T. Whittaker, owners of property over which the Inland Gas Corporation runs pipe lines, filed this action in the Floyd Circuit Court to compel Ben Williamson, Jr., trustee in bankruptcy of the corporation, to comply with KRS 278.485. The statute, enacted by the Legislature in 1952, requires gas pipe line companies obtaining gas from wells located in this state, upon request of the owner of property where any gas well or gas pipe line is located, to furnish such owner gas at rates determined by the State Public Service Commission.

The appeal is from an order of the Floyd Circuit Court sustaining the motion of the trustee in bankruptcy to dismiss the action. In sustaining the motion, the trial court concluded that, since the trustee was serving pursuant to an order of the United States District Court for the Eastern District of Kentucky, the Federal court had exclusive jurisdiction over the subject matter of this action.

Since October 26, 1935, the Inland Gas Corporation has been in bankruptcy pursuant to orders of the United States District Court for the Eastern District of Kentucky. Orders pertaining to the bankruptcy have been made by that court pursuant to Section 77B of the Bankruptcy Act, as amended, and under successor legislation, Chapter 10 of the Corporate Reorganization Act, Title 11 Bankruptcy, U.S. C.A. The latter act is often referred to as the "Chandler Act.'"

Upon the corporation being adjudged a bankrupt in 1935, an order was entered reciting that the United States Court approved the filing, pursuant to Section 77B of the Bankruptcy Act, of a petition proposing to effect a reorganization of the debtor corporation. The order further appointed a trustee in bankruptcy and granted the trustee an injunction restraining creditors and all other persons having any claim, right, title or interest in or to any property of the bankrupt from instituting any action at law or proceeding in equity against the bankrupt "in any court of law or bankruptcy, or before any association, commission, board, referee, or other court or tribunal" without first having obtained permission from the judge of the United States District Court for the Eastern District of Kentucky to institute such action. The present action was instituted without permission of the judge of that court.

Almost the same question presented here was before this court in Wheeler v. Inland Gas Corporation, 307 Ky. 459, 211 S.W.2d 415. In that case we held that the property owner could not, without permission of the bankruptcy court, prosecute in the Lawrence Circuit Court an action to com-

pel Inland to furnish him gas service. However, the Wheeler case was decided in 1948, prior to the enactment of KRS 278.485, and for this reason the appellants contend that that decision is not controlling here. In support of their contention that permission from the bankruptcy court is not necessary to entitle them to maintain the present action, appellants rely on Section 959 of Title 28 U.S.C.A., which provides:

"(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

"(b) A trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof. June 25, 1948, c. 646, 62 Stat. 926."

Subsection (b) is particularly pertinent to this action.

On the other hand, the appellee contends that Section 511 of Title 11 U.S.C.A., is controlling since Inland is in the process of reorganization under the "Chandler Act." Section 511 of the bankruptcy law relating to corporate reorganizations reads as follows:

"Exclusive jurisdiction over debtor and property. Where not inconsistent with the provisions of this chapter, the court in which a petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and its property wherever located, July 1, 1898, c. 541, § 111, as added June 22, 1938, c. 575, § 1, 52 Stat. 884."

It will be noted that Section 959(a), Title 28 U.S.C.A., above quoted authorizes suits in state courts against receivers under stated circumstances. The instant action, however, is not such as is authorized by 959(a). Wheeler v. Inland Gas Corporation, 307 Ky. 459, 211 S.W.2d 415. This latter opinion points out the distinction between suits which determine whether a litigant has a claim against an estate in bankruptcy which ordinarily may be reduced to judgment in a state court, such as a tort claim, without the consent of the Federal Bankruptcy Court, and suits which by their nature tend to interfere directly with the bankruptcy trustee's management of the bankrupt's business and which do require the consent of the Federal Bankruptcy Court for the state courts to take jurisdiction. By Section 959(b) Congress directs the Federal courts to require their receivers or trustees to operate a business entrusted to them according to the valid laws of the state in which the business is conducted. Gillis v. State of California, 293 U.S. 62, 55 S.Ct. 4, 79 L.Ed. 199. In 1952 Kentucky imposed a statutory duty on public service corporations such as the appellee to afford litigants such as the appellants the service requested. KRS 278.485. This statute was amended in 1956 placing only the cost of meters on the company, the rest of the installation cost to be borne by the applicant. Ky. Acts 1956, c. 49, p. 70. We do not believe that the enactment of the statute and its 1956 amendment in any way affect the basic soundness and applicability of our 1948 opinion in Wheeler v. Inland Gas Corporation, 307 Ky. 459, 211 S.W.2d 414, in which we refused such relief on the ground we had no jurisdiction although

Wheeler had a contract with Inland Gas entitling him to the service.

■ But the nub of the problem here is not the principles which apply to Federal trustees and receivers generally, but the principles which apply to trustees in corporate reorganizations under the specific provisions of the Chandler Act. In ordinary bankruptcy proceedings the purpose is to liquidate assets of the bankrupt and make distribution to those entitled to it, but the purpose of the Chandler Act is to authorize Federal Bankruptcy Courts to so reorganize debtor corporations in specified circumstances as to enable them to keep functioning and to work out their own financial salvation as going concerns. Remington on Bankruptcy, Vol. II, Secs. 4345–4348. In order to effectuate this purpose, the Federal Bankruptcy Court is granted full power to stay proceedings in all other courts. (See Remington on Bankruptcy, Vol. II, Secs. 4372–4394.) In the present litigation it is evident that the United States District Court, by its plenary order of 1935, fully exercised its power to stay proceedings against its trustee in other courts, including those of Kentucky. While it appears that the United States District Court for the Eastern District of Kentucky— the Bankruptcy Court—has rather recently refused to grant the appellants the relief they now seek in the courts of this state, the appellants, nevertheless, insist that they are entitled under our statutory law to have us direct the trustee of the Inland Gas Corporation, an appointee of the United States District Court, to grant them the relief prayed—a mandatory order to comply with the state statute, KRS 278.485.

■ We think that the law is quite clear that we are not empowered to direct the appellee to comply with the aforesaid state law.

The judgment is affirmed.

HOGG, J., did not participate in the decision of this case.