In re Proceedings for the Reorganization of a corporation.

In the Matter of AMERICAN ASSOCIAT-ED SYSTEMS, INC., and Belva Manor, Inc., Debtors.

No. 70-6603.

United States District Court,
E. D. Kentucky,
Lexington Division.

April 17, 1974.

W. Thomas Bunch, Lexington, Ky., for Trustee.

Charles V. Boarman, Lexington, Ky., for Boarman and Lee.

## MEMORANDUM

SWINFORD, District Judge.

The record is before the court for determination whether Robert E. Lee, Yvonne B. Lee, and Charles V. Boarman should be ruled in civil contempt for violation of the following order entered January 20, 1971:

> "[U]ntil final decree or the further order of this Court, all creditors and stockholders, and all sheriffs, marshals and other officers and all other persons . . . hereby are . . . enjoined and stayed from commencing or continuing any action at law or suit

or proceeding in equity against said Debtor or said trustee in any court, or from executing or issuing or causing the execution or issuance out of any court of any writ, process, summons, attachment . . . or other process for the purpose of impounding or taking possession of or interfering with or enforcing a lien upon any property owned by or in the possession of said Debtor or said trustee, and from doing any act or thing whatsoever to interfere with the possession or management by said Debtor or said trustee of the property and assets of the within estate, or in any way interfere with said trustee in the discharge of his duties herein, or to interfere in any manner during the pendency of this proceeding with the exclusive jurisdiction of this Court over said Debtor and said trustee and their respective properties. . . ."

In August 1972, the trustee instituted certain actions in Fayette Circuit Court on behalf of the debtor for recovery of amounts due on promissory notes allegedly held by the Lees. Although commenced pursuant to order of this court, these suits were later dismissed. On November 16, 1972, Robert E. Lee and Yvonne B. Lee, through her attorney, Charles V. Boarman, filed complaints in Fayette Circuit Court accusing the trustee, Referee in Bankruptcy, the trustee's attorney, and another of libel, slander, malicious prosecution, and conspiracy in connection with the aborted litigation on the promissory notes. R. E. Lee v. George M. Combs, et al., Fayette Circuit Court No. 34636, 5th Division; Yvonne B. Lee v. George M. Combs, et al, Fayette Circuit Court No. 34637, 1st Division. Although dismissed as prohibited by the above order, these actions were pending on appeal at the time the trustee instituted this proceeding.

On October 15, 1973, the court directed Robert E. Lee, Yvonne B. Lee, Charles V. Boarman, and Edward R. Hays, to show cause why they should not be held in contempt for violation of the order of January 20, 1971. See 18 U.S.C. 401(3). At a hearing conducted on November 9, 1973, Edward R. Hays was purged of contempt, and the parties accorded an opportunity for submission of affidavits and briefs. The court has determined that Robert E. Lee and Charles V. Boarman clearly engaged in contumacious activity. Stringfellow v. Haines, 2d Cir., 309 F.2d 910 (1962).

The arguments proffer no justification for the suits against the Referee. While conceding knowledge of the prohibitory order and the immunity traditionally enjoyed by bankruptcy trustees, 9 Am.Jur. 2d "Bankruptcy" Section 637, the respondents urge that their malicious prosecution actions were authorized by 28 U.S.C. 959 in that they involved not the title, possession, or control of the *res*, but a tort committed by the trustee in operating the debtor's business:

"Trustees, receivers or managers of any property . . . may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. . ." 28 U.S.C. 959(a).

The authorities modifying this statute indicate that the commencement of actions for amounts due a debtor corporation is an official responsibility of the trustee having no connection with the conduct of the bankrupt's business.

■ One of the primary duties delegated the trustee by Section 47(a) of the Bankruptcy Act is that of collecting and reducing to money the property comprising the estate. 11 U.S.C. 75(a)(1). Freeman v. Seligson, 132 U.S.App.D.C. 56, 405 F.2d 1326, 1333 (1968); 2 Remington on Bankruptcy, Section 1128. To this end, the trustee must institute necessary legal actions, including those arising from contract. 11 U.S.C. 110(a)(6). "Rights of action arising upon the contracts or property of the bankrupt, not yet resolved into suit, pass to the trustee, and he should assert them in the proper tribunal whenever necessary for the collection or preservation of the bankrupt estate." 2 Collier on Bankruptcy, Para-

graph 47.05[1], at page 1744.6; Stutts v. Waldrop, 5th Cir., 377 F.2d 275, 276 (1967); Palmer v. Travelers Insurance Company, 5th Cir., 319 F.2d 296 (1963). Thus, the commencement of suit in state court for recovery of sums allegedly due the bankrupt was commanded by the statutory directive to liquidate the estate assets, and is not classifiable as "carrying on business" as contemplated by 28 U.S.C. 959(a).

"[W]e do not think that in bringing a plenary suit against former officers of the debtor, the Trustees were 'carrying on business' of the debtor, so that under 28 U.S.C. § 959 they might have forfeited their immunity from suit, and become exposed to liability in any court . . . where the controversy might be heard if the Trustees were ordinary businessmen. Merely to attempt to collect and liquidate the assets of a debtor is not to carry on its business in any proper sense of the term." Austrian v. Williams, 2d Cir., 216 F.2d 278, 285 (1954), cert. denied 348 U.S. 953, 75 S.Ct. 441, 99 L.Ed. 744 (1955).

See also Diners Club, Inc. v. Bumb, 9th Cir., 421 F.2d 396 (1970); Vass v. Conron Bros. Co., 2d Cir., 59 F.2d 969, 971 (1932).

■ The exception created in 28 U.S.C. 959(a) is intended to permit actions redressing torts committed in furtherance of the bankrupt's business operations, and is not cast to foster interference "[with] the use, control, maintenance and operation of the bankrupt's property. . . ." Wheeler v. Inland Gas Corporation, 307 Ky. 459, 461, 211 S.W.2d 415, 417 (1948); Price v. Williamson, Ky., 305 S.W.2d 276 (1957). The decisions cited by the respondents address tortious acts identifiable with the bankrupt's business operations. Thus, McGreavey v. Straw, 90 N.H. 130, 5 A.2d 270 (1939), granted recovery for the death of a youth on the bankrupt's premises—an occurrence having no connection with the administrative responsibilities of the trustee. The trespass claim in Berman v. Smith, 5 Cir., 171 F. 735 (1909), involved a dereliction beyond the trustee's official capacity. The reliance on Rice v. Kelly, 226 Ky. 347, 10 S.W.2d 1112 (1928), is similarly unfounded in view of its subsequent repudiation by the Kentucky Court of Appeals in Wheeler v. Inland Gas Corporation, supra, 307 Ky. at 462, 211 S.W.2d 415.

■ It is evident that the commencement of state court actions against the trustee was a direct violation of the January 20, 1971, order. It is equally apparent that the deliberate disobedience by respondents Boarman and Robert E. Lee is not mitigated by their subjective legal conclusions. Unlike its criminal counterpart, civil contempt is " 'wholly remedial' serves only the purpose of a party litigant, and is intended to coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance." Southern Railway Company v. Lanham, 5th Cir., 403 F.2d 119, 124 (1968); the good faith underlying the respondents' determination to sue in the Kentucky court does not diminish their culpability.

"If the acts done are clearly in contravention of the court's decree, the intention is of no consequence. The absence of wilfulness does not relieve an individual from civil contempt since it is a sanction to enforce compliance with an order of the court and is not dependent on the state of mind of the respondent." N.L.R.B. v. Ralph Printing & Lithographing Company, 8th Cir., 433 F.2d 1058, 1062 (1970), cert. denied 401 U.S. 925, 91 S.Ct. 883, 27 L.Ed.2d 829 (1971).

McComb v. Jacksonville Paper Company, 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949).

Despite her appearance as plaintiff in one of the malicious prosecution actions, this court is persuaded by the affidavits on her behalf that Yvonne B. Lee should not in justice be held accountable. See Bigelow v. RKO Radio Pictures, N.D. Ill., 78 F.Supp. 250, 258 (1948), aff'd on

other grounds 7th Cir., 170 F.2d 783 (1948).

The trustee has recommended that the following individuals be compensated for costs attendant to defending the actions brought by respondents in Fayette Circuit Court: (1) George M. Combs, attorney for the former trustee, Richard P. Moloney, $1,500.00; (2) the current trustee, Thomas Bunch, $1,716.52, paid to his attorney for circuit court defense and $1,000.00 for appeal costs; (3) the United States, $1,700.00 for defense of the Referee in Bankruptcy. The court is in substantial agreement with the trustee's recommendations; it is well-settled that the contemnor may be required to compensate those injured by improper conduct. Lance v. Plummer, 5th Cir., 353 F.2d 585, 592 (1965), cert. denied 384 U.S. 929, 86 S.Ct. 1380, 16 L.Ed.2d 532 (1966); Broadview Chemical Corporation v. Loctite Corporation, D. Conn., 311 F.Supp. 447 (1970). However, since the respondents have agreed to dismiss their appeals, the estimated $1,000.00 for this item will not be imposed.

An order in conformance with this memorandum will this day be entered.