CASE 80—ACTION BY THE BOARD OF COUNCIL OF THE CITY OF FRANK-FORT AGAINST THE FRANKFORT SAFETY VAULT & TRUST CO. TO RECOVER TAXES ON MORTGAGE BONDS.—MAY 27.

## Board of Council of City of Frankfort v. Frankfort Safety Vault & Trust Co., &c.

APPEAL FROM FRANKLIN CIRCUIT COURT.

FROM A JUDGMENT SUSTAINING A DEMURRER TO PLAINTIFF'S PETI-TION, IT APPEALS AFFIRMED.

MUNICIPAL CORPORATIONS—MORTGAGE BONDS—SUIT TO RECOVER TAXES —INSUFFICIENT ALLEGATIONS—PRESUMPTION OF PAYMENT BY OWNER.

Held: 1. Kentucky Statutes, 1899, section 3422, provides that a city tax collector, in all cases in which he is unable to find property to pay the taxes, shall make a return at the end of his term of "No property found," which, if true, shall entitle him to credit therefor in his settlement with the city council. Section 3423 provides that if the collector fails to collect all taxes, and to return "No property found" on those uncollected, his sureties shall be liable therefor. Section 3424 provides that, after the collector shall make his return of "No property found," it shall be lawful for the city to sue for the taxes. HELD, that a city could sue for taxes on the collector's return of "No property found," though his term of office had not expired.

Board of Council of City of Frankfort v. Frankfort S. V. & T. Co., &c.

2. A petition by a city against a trust company for taxes due on mortgage bonds, which alleges that the trust company, as trustee for unknown persons, owns and controls the property, and both individually and as trustee for unknown persons is indebted for the amount of the taxes, but which does not allege that the unknown persons have not paid the taxes, is demurrable, as, in the absence of a contrary allegation, it will be presumed that the actual owners have paid the taxes, while if the company owns the property itself, it is not liable to an assessment by the city, but is presumed to have been assessed, under Kentucky Statutes, 1899, sections 4077, 4078, by the State authorities.

T. H. CROCKETT, JOHN W. RAY, AND IRA AND W. H. JULIAN, FOR APPELLANT.

## POINTS AND AUTHORITIES.

1. Tax collector may make a valid return of "no property found" before the end of his official term. Kentucky Statutes, secs. 3389 and 3424; Dana, &c. v. Banks, &c., 6 J. J. M., 220; Cooley on Taxation, 2d ed., p. 283; Same was done in Board of Councilmen v. Deposit Bank of Frankfort, 466 and 1384, and in many other cases.

2. This suit in equity is maintainable independently of any return by the tax collector. Present Const. Ky., sec. 14; Kentucky Statutes, sec. 4021; Dillon on Munic. Corps., sec. 818; Louisville & Jeffersonville Ferry Co v. Commonwealth, 57 S. W., 624, 626; City of Newport v. Commonwealth, 50 S. W., 845; Bath County v. Farmers' Bank, 49 S. W., 1115; Simpson County Bank v. City of Franklin, 19 Ky. Law Rep., 248; Greer v. City of Covington, 83 Ky., 410.

JOHN B. LINDSEY, ATTORNEY FOR THE F. & C. RAILWAY Co.

The appellant does not by the averments of the petition proceed against the Frankfort Safety Vault & Trust Company *as the trustee of the F. & C. Railway Company.* Nor do the averments of the petition set out any cause of action against the railway company nor ask any relief against it, hence the demurrer to the petition was properly sustained, and the petition not having been amended was properly dismissed with costs.

## AUTHORITIES CITED.

23 Ky. Law Rep., 908, and authorities therein cited; American Wire & Nail Co. v. Bayless, 91 Ky., 94; Trimble v. Lewis, 14 Ky. Law Rep., 527; Kentucky Statutes, secs. 3396, 3422.

662        KENTUCKY REPORTS.        [Vol. 115

Board of Council of City of Frankfort v. Frankfort S. V. & T. Co., &c.

T. L. EDELEN, FOR APPELLEE, FRANKFORT SAFETY VAULT & TRUST COMPANY.

### POINTS AND CITATIONS.

1. The judgment below should be affirmed because the appellant is prosecuting an appeal upon a partial transcript without notice of the filing of a schedule. Indeed, the schedule has not been filed at all before the clerk who granted the appeal. Terrill v. Roland, 86 Ky., 67; Brockle v. Brockle, 7 Ky. Law Rep., 760; Sacra's Heirs v. Carter's Exr., 22 Ky. Law Rep., 124; Mitchell v. Stoddard County Bank, 23 Ky. Law Rep., 1562.

2. If the court should reach the conclusion that the first point herein is not well taken, then no action can be maintained for the recovery of taxes without express statutory authority, and the express statutory authority does not exist in this case. Thompson v. Allen County, 115 U. S., 550; Baldwin v. Hewitt, Auditor, 88 Ky., 673; McLean County Precinct v. The Bank, 81 Ky., 254; Jones v. Gibson, 82 Ky., 561; Grand Rapids Schools Furniture Co. v. Trustees, &c., 19 Ky. Law Rep., 1601.

3. Where authority exists to maintain an action for taxes upon a condition precedent, the right of action does not exist until the condition has been completed. The condition in this case is a return of *nulla bona* to the clerk's office and that return could only be made at the expiration of the term of office of the tax collector. Kentucky Statutes, secs. 3421, 3422, 3424.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

This action was brought by appellant against the appellees to recover taxes upon $160,000 mortgage bonds. The language of the petition, so far as is necessary to quote, is as follows: "The plaintiff says the Frankfort Safety Vault & Trust Company, both individually and as trustee for certain persons now unknown to plaintiff, is indebted to the city of Frankfort in the sum of $2,320, city taxes for the year 1899, and interest from August 1, 1899, until paid. The said indebtedness arose as follows: On the 10th day of January, 1899, said company, as trustees for certain persons now unknown to plaintiff, held, owned, and controlled in the city of Frankfort property situated in said city of the value of $160,000, subject to taxation for purposes of

said city, which property has been legally and regularly
assessed as of January 10, 1899, for taxation under ad
valorem levies of said city for the year 1899.  Said property
consisted of one certain mortgage executed in trust by the
Frankfort  &  Cincinnati  Railway  Company  to  the
Frankfort Safety Vault & Trust Company, dated December
2, 1898, and bonds and other obligations secured thereby.
The appellant made other allegations to the effect that the
city assessor had failed to assess this property, and that the
tax collector had reported the property for taxation to the
city clerk, and that the council of the city had reported
the matter of assessment to the finance committee, which
committee, after investigation thereof, after notice to the
Frankfort Safety Vault & Trust Company, recommended to
the council that the list reported by the tax collector be
confirmed, and that the council at a regular meeting con-
firmed the assessment, and the assessment was duly certi-
fied by the city clerk to the tax collector for collection;
that he made an effort to collect it, but could not find any
property upon which to make a levy; that he tendered a
tax receipt for same, and demanded payment, which was
refused, and the collector made a return, in substance, of
"No property found," and on the 24th day of July, 1899,
this action was filed.

The appellees demurred to the petition, and the special
judge agreed on to try the demurrer sustained it for the
reason, in his opinion, the action was prematurely brought,
and, in his opinion, stated that the statute seemed to con-
template that the collector shall not make a return of "No
property" until the expiration of his term of office.  We
are incluined to the opinion that the lower court was mis-
taken in its construction of the statutes.  Section 3424 of
the Kentucky Statutes of 1899 says: "After the collector

shall make his return of no property found as to any unpaid taxes, it shall be lawful for the city to institute proceedings by petition, in any court having jurisdiction thereof, against such delinquent tax-payer for the satisfaction of such taxes. . . ." As will be seen, there is nothing in this section limiting the time of his making a return of "No property found" until his term of office expires, and such a construction would be unreasonable. To so construe it would give delinquent taxpayers every opportunity to dispose of, or get out of the reach of tax gatherers and courts, all the property subject to taxation. The two preceding sections of the statutes have reference to and deal with settlements with the collector and his sureties. Section 3422 provides that the collector, in all cases in which he shall be unable to find property to pay the taxes, shall make a return at the end of his official term of "no property found," and, if this be true, then he shall receive credit for same in his settlement with the council. Section 3423 says, if the collector fails to collect all taxes, and to return, in substance, "No property found," on those he fails to collect, then his sureties shall be liable on his bond to the city for the amount of such tax. From a careful reading of the last two sections, it is evident that they have no application to the time when the city may institute proceedings against delinquent taxpayers for the collection of taxes. The court is of the opinion that, under the authority of 111 Ky., 667, 23 R., 908, 64 S. W., 470, the lower court should have sustained the demurrer, for the reasons in that opinion given.

The petition does not state who owned the mortgage, or any bond or bonds secured thereby, and there is no allegation that the owners of them had failed to pay the taxes thereon; and it must be presumed, without an allegation

to the contrary, that the citizen has complied with his duty in the payment of his taxes. The appellee trust company may have held them for others, but it must be presumed that the owners have paid the taxes. If the trust company owned the bonds or any part thereof, then it is not liable under an assessment made by the city assessor or tax collector. It is presumed to have been assessed under sections 4078 and 4077 by the auditor, treasurer and secretary of State.

Wherefore the judgment of the lower court is affirmed.