CASE 62—PROCEEDING BY COMMONWEALTH AGAINST YOUTSEY, RECEIV-
   ER, AND OTHERS, TO ASSESS PROPERTY—APRIL 17.

# Youtsey and Others v. Commonwealth.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

TAXATION—PROPERTY IN HANDS OF RECEIVER.

Held: The estate of an insolvent corporation assigned for the
   benefit of creditors is subject to taxation in the hands of the
   court's commissioner or receiver until there has been an order
   of distribution fixing the amount to which each claimant is en-
   titled, though the claimants be non-residents.

C. L. RAISON, JR., ATTORNEY FOR APPELLANT.

POINTS AND AUTHORITIES.

1 The receiver of the court holding funds belonging to an insolvent estate, being wound up by a settlement suit brought to settle an estate assigned for the benefit of creditors is not, the owner of the fund, or attorney, or agent of the owner, within the meaning of section 4241, Kentucky Statutes, and can not be compelled to list such fund for taxation. Sec. 4241, Kentucky Statutes; Baldwin v. Shine, 84 Ky. Rep., 512.

2. The Circuit Court upon appeal from a judgment deciding that certain property is liable for taxation, and finding the value thereof, has no power to fix the amount at which the property shall be listed for taxation. Section 4241, Kentucky Statutes.

3. The funds of an insolvent estate in the hands of the court's receiver awaiting distribution, where all the claims against the estate, except one, have been adjudicated, one not subject to taxation, and such receiver can not be compelled to list the fund for taxation, 88 Ky. Rep., 136; Spalding, Comr. v. Commonwealth, 51 Ohio State Rep., 255; McNutt, Assessor v. Hagerty.

4. Where the funds belonging to an insolvent estate in the hands of a receiver of the court in a suit to settle the estate, will, upon distribution, go chiefly to non-resident creditors of such insolvent estate, such funds are not taxable in the hands of the receiver

5. In any event, such receiver should not be required to list the fund for years prior to the time he received it, and while it was in the hands of a special commissioner.

W. H. MACKOY, ATTORNEY FOR APPELLANT.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

That a fund in the hands of the official receiver of a court can not be listed nor assessed for taxation under the facts and circumstances shown in the record in this case, and stated in the brief herein, and especially that the interest of the non-resident owners of said fund can not be listed for taxation nor assessed against them in the State of Kentucky.

Baldwin v. Shine, 84 Ky., 502, 512; City of Louisville v. Shirley, 80 Ky., 71; McNeill, Assignee v. Hagerty, Auditor, 51 Ohio State, 255; Lancaster School Directors v. Rathvon, 30 Pa. St., In re Jackson Brewing Co., 5 Ohio, Nisi Prius Rep., 438.

Case commented upon and distinguished. Spalding v. Commonwealth, 88 Ky., 135.

RAMSEY & WASHINGTON, FOR APPELLEE.

An examination of the record will show that the proper steps were taken in the County Court to assess the property in the hands of appellant, and an appeal was taken to the Circuit

Court. The Circuit Judge with the consent of appellees ordered appellant to make report of the funds held in his hands as receiver of the Swift's Iron & Steel Works, and he reported that be held for the year 1894, $62,755.54; 1895, same sum; 1896, same; 1897, $67,009.07; 1898, $63,450.30.

Appellees filed exceptions to this report which were subsequently withdrawn, the report confirmed, and appellant ordered by the court, to assess and pay the taxes and costs on the above assessments.

The appellant says the amounts owing to the different creditors have been ascertained, and that said creditors are non-residents, and then he alleges that said fund would be distributed if it were not because of a question of priority of the claim of the Fidelity Bank over the other claims which has not yet been settled.

The fact is that the fund can not be distributed until the above stated question of priority is settled, and until it is settled the funds will remain in the hands of the receiver.

This court has held that personal estate in the hands of an administrator who is a resident of this State is liable for taxation here, although the distributees are non-residents. Baldwin v. Shine, 84 Ky., 502; Spalding, M. C. v. Commonwealth, 88, Ky., 135.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING.

Swift's Iron & Steel Works, an insolvent corporation,. made a deed of assignment of all its property to Adam Wagoner for the benefit of its creditors. A suit for the settlement of the assigned estate was instituted. The property belonging to it was converted into money for distribution among its creditors. It was placed in the hands of one Artman, as special commissioner of the court, who held it during the years of 1894, 1895, 1896, and 1897. He resigned, and it was placed in the hands of J.. J. Youtsey, receiver of the court. It appears that all the creditors were ascertained by appropriate proceedings in the action, except the receiver of the Fidelity National Bank of Cincinnati, which asserted a claim for $137,000, which was controverted. The fund is ready for distribu-

tion as soon as the court determines the question as to the liability of the assigned estate for the claim of the receiver of the Fidelity National Bank. Exclusive of the claim of the receiver of the Fidelity National Bank, the amount ascertained to be due creditors is $520,051.74. $485,553.47 is due creditors who reside out of this State, and $34,498.27 due creditors who are residents of the State. The funds held for the several years are as follows: 1894, $62,755.54; 1895, $62,755.54; 1896, $62,755.54; 1897, $67,009.07; 1898, $63,450.30. It is urged that, as the fund did not belong to Swift's Iron & Steel Works, but held by the officers of the court for its creditors until the court could ascertain whether another person was also a creditor, it is not subject to taxation in the hands of the officers of the court, and that it is especially true as to that part of it going to creditors outside of the State; that the fund should be listed for taxation by the various creditors to whom it will be finally adjudged. The rulings of courts of other States are cited which support this contention. If the doctrine of Spalding v. Com., 88 Ky., 135, 10 R., 714 (10 S. W., 420), is applicable to the facts of this case, the fund is subject to taxation. Counsel for appellee seeks to distinguish this case from that case, claiming that the facts of the cases are essentially different. We have examined the Spalding case with care to see wherein the facts substantially differ from the facts of the case at bar, and to see if the doctrine of that case is inapplicable to the facts of this case, and to see whether the reasoning of the court in that case applies with equal force to the facts of this case. We are unable to agree with counsel that this case is distinguishable from that one. The facts of the Spalding case may be summarized as follows: (1) It was an estate of a decedent of Marion

county. (2) The fund in the hands of the com-
missioner of the court belonged to Mercer's heirs,
who mainly resided in other counties. It was
a fund of an estate for distribution. (3) It was
not known what portion of it would go to each of the
heirs. (4) No one could tell, until the end of the litigation,
what portion each would receive, and therefore neither
could tell what amount to list for taxation. In the Spald-
ing case the fund belonged to the heirs of the decedent,
while in this case it belonged to the creditors of the as-
signed estate. In the one case the estate would go to the
heirs under the law governing the descent and distribu-
tion of estates; in the other to the creditors of the as-
signed estate, by reason of the statute regulating the dis-
tribution of such estates. In the Spalding case it could
not be told what portion of the estate each heir would
receive until the end of the litigation; neither can it be
told what portion of the estate will go to each creditor
until there is a final adjudication of the claim of the re
ceiver of the Fidelity National Bank. In each case liti-
gation prevented the court from knowing what portion of
the estate would be received by each of the claimants or
creditors. It is suggested by counsel that the court in the
Spalding case was controlled in its decision by reason of
the fact that all the parties were residents of Kentucky.
It does appear that all the parties were residents of Ken-
tucky, but mainly lived in counties other than Marion.
We are of the opinion that the authorities of Marion
county had no more right to tax the personal estate of
persons living in other counties than the county authori-
ties of Campbell county have to tax the personal estate
of creditors living outside of Kentucky; therefore the facts
in each case are substantially the same with reference to

the residence of the parties to whom the principal part of the estates would ultimately go. In the Spalding case (page 141, 88 Ky.,) (and page 423, 10 S. W.) the court said: "Where the ownership of the fund is in question, and it is in litigation, there is no other practical way of reaching it. Here it could not be properly assessed to the owner. Even if, by reason of the averment in the answer of ownership in the heirs, it can be said that the owners were known, yet there had been no distribution of it to each of them; its situs had not changed; and one of them in giving in his list could not take into consideration any of this estate, because he could not tell what he would ever get, if any of it." We are of the opinion that under section 4058, Kentucky Statutes, (interrogatory No. 1), estates held by commissioners and receivers of courts like the one here under consideration, are subject to taxation until there has been an order of distribution fixing the amount to which each claimant is entitled. The judgment is affirmed.

Petition by appellant for rehearing overruled.