CASE 111—ACTION BY THE CITY OF LOUISVILLE AGAINST GEORGE W.
NORTON'S EXECUTORS, FOR TAXES ON CERTAIN REAL ESTATE.—OC-
TOBER 25.

# Norton's Exrs. v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION, NO. 2—
SHACKELFORD MILLER, JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.   REVERSED.

NONTAXABLE PROPERTY—TRUST FOR CHARITABLE INSTITUTION.

1. A will directed the executors to establish a trust to con-
   tinue five years from the death of the testator, and during that
   time to sell certain real estate for the benefit of the trust fund,
   and at the expiration of such five years to terminate the trust
   by paying the funds to a specified orphan's home, which is a non-
   taxable charitable institution. HELD, that the real estate so
   held by the trustees during such five years was not subject to
   taxation.
2. Under Ky. St. 1903, sec. 4023, providing that it shall be the duty
   of the holder of an equitable title of property to list it and pay
   the taxes thereon whether it be in his possession or not at the
   time of the payment, the character of the beneficial owner, and
   not of the legal title holder, determines the question of taxation,
   and where property is held in trust for a charitable association
   it is not taxable.

HUMPHREY, HINES & HUMPHREY, ATTORNEYS FOR APPELLANT.

1. It is conceded that all the property of the Louisville Bap-
tist Orphans' Home is exempt from taxation.

2. We submit that under the will the testator designed the
property in question to belong to the Baptist Orphans' Home,
and the fact that it was to be allowed to accumulate in the hands
of the trustees for a period sufficient to enable them to sell it

advantageously does not in any way interfere with the equitable ownership thereof of the Louisville Baptist Orphans' Home.

### AUTHORITIES CITED.

Commonwealth v. Gray's Trustee, 25 Ky. Law Rep., 52; Commonwealth v. Pollitt, 25 Ky. Law Rep., 790; Commonwealth v. Young Men's Christian Association, 25 Ky. Law Rep., 940; Trustees of Kentucky Female Orphan School v. City of Louisville, 100 Ky., 470; City of Louisville v. Southern Baptist Theological Seminary, 100 Ky., 506, City of Louisville v. Board of Trustees, 100 Ky., 518; City of. Lexington v. Fishback's Trustee, 109 Ky., 772; Boske, Sheriff, v. Security Trust & Safety Vault Co., Adm'r., 22 Ky. Law Rep., 182; Harting's Executor v. City of Lexington, 19 Ky. Law Rep., 1829; 7 Am. & Eng. Ency. of Law, 480; 1 Pomeroy's Equity Jurisprudence, secs. 363, etc.; 11 Am. & Eng. Ency. of Law, 180.

HENRY L. STONE, City Attorney for appellee.

1. The will provides that after all bequests made therein had been paid, his executors should establish a trust fund to be known as the Norton Trust-Fund, which was to be held five years after his death, during which time his real estate was to be disposed of at the best cash prices, and when all the remainder of his estate had been reduced to cash, then the trust fund was to be terminated by his executors and trustees.

2. We submit that under this bequest the trust fund was not to belong to or become the property of the Louisville Baptist Orphans' Home until the expiration of five years from the date of testator's death, and is subject to taxation until the expiration of the five years.

Opinion of the court by JUDGE PAYNTER—Reversing.

The purpose of this action is to determine whether George W. Norton and John W. Barr, Jr., as executors and trustees under the will of the late Wm. F. Norton, should pay the taxes upon certain real estate in the city of Louisville which was the property of the testator at the time of his death. Sundry bequests were made by the testator, and the pleadings admitted that the personal estate in the hands of the executors is sufficient to meet' all demands against

the estate. The proceeds of the real estate sought to be taxed will go to the Louisviille Baptist Orphans' Home by the terms of the codicil to the will dated April 2, 1903. It reads as follows. "Finally, I wish said executors, after all bequests in my will and codicils have been paid, to establish a trust fund, to be known as the 'Norton Trust Fund,' the trustees of which are to be the same as the executors named in this will. The duration of said 'Trust Fund' to be five years from the date of my death, in which five years' time I hope they will be able to dispose of all my real estate hereinbefore not disposed of, wherever the same may be found, at the best cash prices; and, when all the remainder of my estate has been reduced to cash, then I wish the 'Trust Fund' to be terminated by the said trustees and also the executors of this will, by paying all the gross proceeds of said 'Trust Fund' to (first settling two little 'Trust Funds' named in the will of Ann E. Norton—one to Charles J. Norton, son of her deceased brother, Charles J. Norton; the other to Ann Norton Gaines, the granddaughter of her sister, Mary F. McCutcheon) the proper authorities for the 'Endowment Fund' of the Louisville Baptist Orphans' Home." The object of the Louisville Baptist Orphans' Home is stated in the original charter in language as follows: "The object of this corporation shall be to procure the control of orphans and destitute children of Baptist parents, and of such other destitute and helpless children as the managers may think proper to receive, for the purpose of supporting and educating them in an institution to be prepared and provided for that purpose by said managers; or, when deemed best in any case, to secure any such child a home and education outside of said institution, as more fully hereinafter expressed." By the terms of the charter it is exempt from taxation, and it is like-

wise exempt under the terms of section 170 of the present Constitution, as construed by this court in several cases. It is purely a public charity, and not employed for gain. Trustees of Kentucky Female Orphan School v. City of Louisville, 100 Ky., 470, 19 R., 1091, 36 S. W., 921, 40 L. R. A., 119; City of Louisville v. Southern Baptist Theological Seminary, 100 Ky., 506, 19 R., 1100, 36 S. W., 995; City of Louisville v. Board of Trustees, 100 Ky., 518, 19 R., 1102, 36 S. W., 994. Other cases of this court are to the same effect. In fact, it is not argued that if the property sought to be taxed had been converted into money and paid over to the Louisville Baptist Orphans' Home, or if it owned the property, it would be required to pay taxes upon it. So the question is, is the property subject to tax while in the hands of the trustees under the will?

Because the testator provided that the trustees should dispose of the undevised real estate within five years from his death, and that the trust fund should continue for that period of time before being turned over to the Orphans' Home, it is contended that the real estate, although it is admitted that its proceeds and income will go to it, should be taxed. While the beneficiary of the trust fund is not given the immediate care and control of it, it is the equitable owner of it, and it could not rightfully be diverted to any uses or purposes other than those designated by the testator. If the condition required it, the beneficiary could by appropriate proceedings rescue the fund from any misappropriation of it. It is the owner of the fund, though temporarily controlled by others. While Norton and Barr are designated as trustees under the will, still they are the trustees for the beneficial owner. They are accountable to it for the management of the property and the execution of the trust. The practical effect of the provision of the will

under consideration is that the fund is given to the orphans' home, but it is to be managed for it for the specified time by the trustees named by the testator. If the income from the property or from its proceeds were to go to another during the five years, then it would be very clear that the property or fund should be taxed during that period. When one is the equitable owner of property and is entitled to the income from it, he has the enjoyment of every benefit that could come to any one who might own the property. To hold that the property should be taxed because it is controlled by other than the trustees of the Orphans' Home for a specified period is giving effect to the shadow, and not the substance, of things. Section 4023, Ky. St., 1903, reads as follows: "The holder of the legal title, and the holder of the equitable title, and the claimant or bailee in possession of the property, on the fifteenth of September of the year the assessment is made, shall be liable for taxes thereon; but, as between themselves, it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon, whether the property be in possession or not at the time of the payment." This court, in City of Lexington v. Fishback's Trustee, 109 Ky., 770, 22 R., 1392, 60 S. W., 727, held that it was the duty of the equitable owner to list it for taxation and pay the taxes thereon. It was also decided in the same case that the residence of the beneficial owner of personal property held by a trustee is the situs of the property for taxation. To the same effect is Boske, Sheriff, v. Security Trust & Safety Vault Co., Administrator, 56 S. W., 524, 22 Ky. Law Rep., 182. These cases show that it is the situation of or the character of the beneficial owner, not of the legal title holder, which determines the question of taxation. The doctrine of Spalding, M. C., v. Commonwealth, 88 Ky., 125, 10 R., 714, 10 S. W.,

420, and Youtsey, Receiver, etc., v. Commonwealth, 110 Ky., 555, 62 S. W., 262, 22 Ky. Law Rep., 1914, does not apply to the facts of this case. In the Spalding case the fund in the hands of the master commissioner belonged to heirs, and was for distribution, and until the end of the litigation no one could tell what portion each would recover; therefore neither could tell what amount to list for taxation; hence the court held the fund should be listed for taxation by the master commissioner. In Youtsey, Receiver, v. Commonwealth, the fund belonged to creditors, but it could not be told what each would receive until the final order of distribution, and the rule in the Spalding case was held to apply. In the case at bar it is admitted that the entire proceeds of the property sought to be taxed, and the income arising therefrom, will go to the Orphans' Home under the will. In our opinion, the property is exempt from taxation.

The judgment is reversed for proceedings consistent with this opinion.