CASE 19.—ACTION BY THE COMMONWEALTH OF KEN-
TUCKY BY A REVENUE AGENT AGAINST ROB-
ERT PEEBLES AS EXECUTOR OF J. G. PEEBLES,
DECEASED, TO REQUIRE HIM TO ASSESS AND
PAY TAXES ON STOCK IN FOREIGN CORPORA-
TIONS.—May 28, 1909.

## Commonwealth v. Peebles (2 cases).

Appeal from Boyd Circuit Court.

S. G. KINNER, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Affirmed.

1. Corporations—Certificate of Stock—Nature.—A certificate of
stock in a corporation is generally recognized as merely rep-
resentative of property, and occupies much the same status
as a chose in action.

2. Taxation—Place—Property of Decedents' Estate—Title of
Executor.—The personal representative of an estate is the
legal owner for the time being of the personal assets of de-
cedent, and succeeds to all his rights and responsibility
with reference thereto for purposes of taxation, but the fact
that he is such legal owner is only by virtue of his appoint-
ment, and the estate does not follow him into every place
he may happen to have a residence, but his official domicile
is the State of his appointment, and the situs of intangible
personal property of the estate is the place where he quali-
fies.

3. Taxation—Personal Property—Situs.—The rule that the situs
of intangible personal property follows the owner, and is tax-
able where he is, is subject to exceptions, and yields to the
actual situs of the property where justice requires that it
should, and thus choses in action or money in the actual cus-
tody of an agent who manages and invests the same is sub-
ject to taxation at the residence of such agent, though the
beneficial owner is a nonresident.

4. Taxation—Capital Stock—Liability for Taxation.—That a foreign corporation pays taxes on the property in the State of its origin does not affect the right of Kentucky to require the owner of capital stock residing in Kentucky to list the same for taxation.

5. Taxation—Capital Stock—Liability for Taxation.—That a foreign corporation pays taxes on the property in the State of its origin does not affect the right of Kentucky to require an executor of the deceased owner of capital stock qualifying in Kentucky to list the same for taxation.

6. Taxation—Capital Stock—Liability for Taxation.—The mere physical location of capital stock owned by an executor in his official capacity is not the test of its liability to assessment for taxation, but the presence of the stock may aid in fixing the place in the State at which it must be assessed.

7. Executors and Administrators—Representative Capacity.— One may occupy the two relations of individual and executor, and as individual he may be subject to the laws of one State, and in his official capacity he may be subject to the laws of another State, and he may as executor have the legal ownership of property over which the courts of the State in which he resides have no jurisdiction.

8. Taxation—Capital Stock.—A resident executor of a nonresident decedent who qualified in the sister State in which decedent died can not be required to list for taxation capital stock of a corporation of the sister state legally in his custody as executor, but which he has never physically removed from the sister State nor invested in any manner in Kentucky, notwithstanding Ky. St. 1909, Sec. 4058, requiring an executor to answer as to whether he has in his possession any property belonging to another, etc., since it applies to an executor who qualifies in Kentucky, or who has within the State property in his custody that he is investing or using in business.

SIMEON S. WELLS for appellant.

JOHN W. WOODS of counsel.

CLASSIFICATION OF POINTS AND AUTHORITIES.

1. The Constitution and Statutes of Kentucky affecting taxation. Constitution, Sec. 172; Kentucky Statutes, Secs. 4020, 4022, 4023, 4024, 4058; Acts, 1908, page 125.

2. Certificates of stock in a corporation are not property in themselves, but mere evidence of ownership of intangible per-

Commonwealth v. Peebles (2 cases).

sonal property. 2 Thompson on Corporations, Sec. 348; Common-
wealth v. Williams, Ex'or, 102 Va., 778.'

3. The executor of an estate is the legal owner of the property
thereof against all the world. Executors and Administrators, 18
Cyc. 206; Baldwin v. Shine, 84 Ky. 502, 8 R. 496; Sommers v.
Boyd, 48 Ohio State, 648; Brown v. Noble, 42 Ohio State, 405;
Carrol v. U. S., 13 Wall. 151; Kane v. Paul, 14 Peters, 33.

4. The situs of intangible personal property for purposes of
taxation is the residence or domicile of the owner. State Tax on
Foreign held Bonds, 15 Wall., 300; Thomas v. Mason County
Court, 4 Bush, 135; Board of Council v. Fidelity Trust & S. V.
Co., 23 R. 908; 111 Ky., 677; 21 L. Ed. 179; Commonwealth v.
Hayes, 8 B. Mon. 1; Grant v. Jones, 38 Oh. St. 28; Detroit v.
Lewis, 109 Mich. 155; 32 L. R. A. 439; Cooley on Taxation, 2 Ed.
p. 375; Minor on Conflict of Laws, Sec. 123; Desty on Taxation,
Vol. 1, p. 33; Dallinger v. Rapello, 14 Fed. 33; Davis v. Mackey,
124 Mass. 193; Latrobe v. Baltimore, 19 Md. 13; People v. Asses-
sors, 40 N. Y. 154; Guthrie v. Pittsburg, &c., 158 Pa. St. 433; Dorr
v. Boston, 6 Gray (Mass.) 131; Anthony v. Caswell, 15 R. I. 159;
State v. Holmdel, 39 N. J. 79; State v. Corson, 50 N. J. 381; Cam-
eron v. Ballington, 56 Ia. 320; Nashville v. Davis, 10 Lea. (Tenn.),
474; Gallatin v. Alexander, 10 Lea. (Tenn.), 474; Bonaparte v.
Tex. Ct., 104 U. S. 592; Union Refrig. Transit Co. v. Ky., 199
U. S. 208; Commonwealth v. Williams' Ex., 102 Va. 778; Sommers
v. Boyd, 48 Oh. St. 648; Worthington v. Sebastian, 25 Oh. St. 10;
Brown v. Noble, 42 Oh. St. 405; Horne v. Green, 52 Miss. 452;
Estate of Fair, 128 Cal. 607; People v. Tax, 17 Hun. (N. Y.), 293;
Price v. Hunter, 34 Fed. 355; Baldwin v. Shine, 84 Ky. 502; 8 R.
496; Louisville v. Shirley, 80 Ky. 71; Lexington v. Fishback, 109
Ky. 773; Com. v. R. G. Dun Co., 102 S. W. 859; Board of Council
v. Fidelity T. & S. V. Co., 111 Ky. 667; Callahan v. Singer Mfg. Co.,
29 R. 123; Commonwealth v. Haggin, 99 S. W. 906; Commonwealth
v. N. W. M. L. Co., 107 S. W. 233.

5. The domicile of residence of an executor or administrator
is a question of fact, to be determined by his actual residence or
domicile as an individual. Illinois Central v. Stith's Adm'r, 85 S.
W. 1173; 27 R. 596; Gallup v. Schmidt, 46 L. Ed. 207; Rice v. Hous-
ton, 80 U. S. 68; 13 Wall. 66; Augusta v. Kimball, 41 L. R. A. 467;
Turner's Adm'r v. L. & N. R. R. Co., 110 Ky. 879; Sommers v.
Boyd, 48 Oh. St. 648; Ailman's Petition, 17 R. I. 362; Turner's
Adm'r v. L. & N. R. Co., 110 Ky. 879; Sommers v. Boyd, 48 Ohio
State 648; In re Ailman, 17 R. I. 362; 22 Atlantic 279.

6. An executor may be sued in his representative capacity in
this State, although appoined and qualified in another State.

Augusta v. Kimball, 41 L. R. A. 467; Hussey v. Sargent, 116 Ky. 53; In re Ailman, 17 R. I. 362; 22 Atlantic 279.

HAGER & STEWART for appellee.

### POINTS AND AUTHORITIES.

1. Property sought to be taxed not withis the territorial jurisdiction of Kentucky, or therein owned by a person residing in Kentucky in the capacity in which it is sought to tax him. State Tax Foreign Held Bonds, 15 Wall. 300; P. W.W. & C. Ry. Co. v. Com., 66 Pa. St. 3; Union Refrig. Co. v. Ky., 199 U. S. 150; L. & J. Ferry Co. v. Ky., 188 U. S. 513; Story Conf. Laws, Sec. 550; Ky. Statutes, Secs. 4020, 4058; Ohio Statutes, Secs. 2731, 2734, 2735; Rhode Island Statutes, Sec. 12; Indiana Act of 1895; Anthony v. Caswell, Trustee, 1 Atl. R. 290; Schmidt, Tr. v. Fealey, Rec'r., 142 Ind. 150, 37 L. R. A. 412.

2. Situs of intangible property. Adams Express Co. cases, 165 U. S. 194; Higgins v. Com., &c., 103 S. W. 306, 31 R. 653; Baldwin v. Shine, 84 Ky. 502, 8 R. 496; Spalding v. Com., 85 Ky. 141, 10 R. 714; Norton's Ex'or v. City of Louisville, 118 Ky. 836, 26 R. 846.

3. Holding as executor is not as "owner" of the trust property. People v. Pullman, 119 N. Y. 137, 7 L. R. A. 407; Turner v. Cross, 83 Tex. 218, 15 L. R. A. 262; Sec. 11, Art. 5, Ch. 92, Gen. Statutes. Secs. 4022, 4058, Ky. Stats.

4. Personal property is not given taxable situs where held by an officer or one who is under the control of a court of foreign jurisdiction. An executor is such an officer and has official residence in the territorial jurisdiction in which appointed. Bonaparte v. State, 63 Md. 465; Baldwin v. County Comr's, 85 Md. 145 (36 Atl. 764); Secs. 109, 116, Gray Limitation of Taxing Power; Youtsey v. Com., 110 Ky. 555; Schmidt v. Fealey, 148 Ind. 150, 37 L. R. A. 442; Gallup v. Schmidt, 154 Ind. 196, 54 N. E. 384 (56 N. E. 443); Lewis v. Chester Co., 60 Pa. St. 325; People v. Coleman, et al., 119 N. Y. 137, 23 N. E. 488; Anthony v. Caswell (R. I.), 1 Atl. 290; Hawk v. Bonn, Adm'r., 6th Ohio C. C. 452; Goodsite v. Lane, 139 Fed. 593; Band v. Pittsfield, 70 N. H. 530 (49 Atl. 88); Secs. 3878, 3879, 3880, Kentucky Statutes; Sec. 65, et seq. Civil Code; Hopper v. Hopper, 125 N. Y. 400; 12 L. R. A. 237; Fidelity &c., Co. v. Freeman, 109 Fed. 857; Hathaway v. Weeks, 34 Mich. 237; Fletcher's Adm'r v. Sanders, &c., 7 Dana 345; Thumb v. Gresham, 2 Metc. 306; Manion's Adm'r v. Titsworth, 18 B. M. 595; L. & N. v. Schumaker, 112 Ky. p. 434; 21 R. 803.

5. "Domicile," "Residence," as affecting official residence. Sec. 732 Civil Code; Dicey Conf. Laws 95; Bergner, &c. v. Brewing Co., 172 Mass. 154; L. & N. v. Kimbrough, 74 S. W. 227, 24 R. 2409.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

These two appeals, involving the same question of law, will be heard and disposed of together. They are proceedings by a revenue agent against the executor to require him to assess and pay taxes on shares of stock owned by the testators, respectively, in the Bellefonte Iron Works Company and the Scioto Fire Brick Company, Ohio corporations. The testators died residents of the State of Ohio. At the time of their respective deaths they each owned stock in the before-mentioned corporations, which were located in the State of Ohio. The laws of Ohio permit a nonresident to qualify as executor, and Robert Peebles, who is now and was when the testators died a citizen and resident of Boyd county, Ky., qualified in the probate court of Scioto county, O., as executor of the two estates. The decedents did not own any property or estate in Kentucky, nor did Robert Peebles qualify in the courts of this State as executor. All his power and authority to administer the estates comes from his appointment by the probate court of Ohio. It further appears that the executor has never brought to or invested in this State any part of the estate held by him as executor. The actual custody and physical situs of all the stocks held by him and sought to be assessed have always been in Ohio. As executor he has never been required by the laws of Ohio to assess or pay taxes on these stocks because the corporations pay the taxes. It will thus be seen that the only question involved in the case is whether or not a resident executor of a nonresident decedent who qualified in the State in which his testator died can be required to assess for taxation and pay taxes on stocks legally

in his custody as executor, but which he has never physically removed from the State in which his testator died, and in which the corporations issuing the stock have their place of business, or invested in any manner in this State.

It is the contention of the commonwealth (1) that certificates of stock in corporations, like bonds and notes, are merely evidences of ownership of property —muniments of title—and what may be called intangible property, and the physical location of the paper evidence is immaterial as affecting the legal title to the property or its situs for purposes of taxation; (2) that the executor of an estate is the absolute legal owner thereof for the time being, and stands in the shoes of the decedent with reference to the personal property, tangible and intangible, succeding to all his rights and responsibilities with reference thereto; (3) that the situs for taxation of intangible personal property is the domicile of the owner thereof, and hence, under the laws of this State, an executor residing in this State and having the legal custody and control of intangible personal property should assess it for taxation here while the estate is being administered and until distribution is made, regardless of where or how or by whom he was appointed, or the physical situs of the property. It is generally recognized that a certificate of stock in a corporation is merely the representative of property and not the property itself, occupying very much the same status as promissory notes, bonds or other choses in action. Thompson on Corporations, section 2348. It may be further said that, generally speaking, the situs of personal property of this kind follows the owner. Where he is, it is. Where he is taxable, it is taxable. But to this rule there are important exceptions that will be

noticed in the course of the opinion. It is also well settled that the personal representative of an estate is the legal owner for the time being of all the personal assets of the decedent, and succeeds to all his rights and responsibilities with reference thereto for purposes of assessment and taxation.    Baldwin v. Shine, 84 Ky. 502, 8 R. 496, 2 S. W. 164; 1 Desty on Taxation, sec. 68.  But it does not follow from this that the residence of the personal representative is in all cases deemed the situs of the personal estate in his hands for purposes of taxation.  The residence of the personal representative or the person holding any fiduciary relation with an estate may be at one place and the situs of the property of the estate for purposes of taxation, although legally in his custody, may be in another place. This principle is well illustrated in the cases referred to in Higgins, Trustee v. Commonwealth (Ky.) 31 R. 633, 103 S. W. 306, in which case the court said, supporting the proposition by a number of authorities, that: ''For many purposes the domicile of the owner is deemed the situs of his personal property, but this is only a fiction from motives of convenience, and is not of universal application, but yields to the actual  situs  of  the property when justice requires that it should, and is not allowed to be a controlling feature in matters of taxation.'' Especially is this true when it cannot be given any other situs in the State for revenue purposes.  When intangible property having  a  situs within this State for purposes of taxation would escape taxation unless assessed at the residence of the fiduciary in whose legal custody it is, it has often been held that his residence fixes its situs.  This rule was applied in Higgins, Trustee, v. Commonwealth, supra, because the estate had no other situs in this

State except the residence of the trustee. It has also been ruled in many cases, both in and out of this State that when money, choses in action, or other intangible personal property is in the actual custody of an agent or fiduciary within this State, who manages and controls it, by lending it out, investing it, collecting interest, and the like, that it is subject to taxation at the place, where the agent or fiduciary resides, although the beneficial owners may be nonresidents of the State. Commonwealth v. Dun & Co. (Ky.) 102 S. W. 859, 10 L. R. A. (N. S.) 920; Bristol v. Washington County, 177 U. S. 144, 20 Sup. Ct. 585, 44 L. Ed. 701; New Orleans v. Stempel, 175 U. S. 309, 20 Sup. Ct. 110, 44 L. Ed. 174; State Board of Assessors v. Comptoir National, &c., 191 U. S. 388, 24 Sup. Ct. 109, 48 L. Ed. 232; Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. Ed. 444; Higgins, Trustee v. Commonwealth, supra; Monongahala River Co. v. Board of Assessors, 115 La. 564, 39 South. 601, 2 L. R. A. (N. S.) 637, 112 Am. St. Rep. 275; and note; Buck v. Miller, 147 Ind. 586, 45 N. E. 647, 47 N. E. 8, 37 L. R. A. 384, 62 Am. St. Rep. 436. The right to tax in this class of cases is rested upon the general principle that "persons are not permitted to avail themselves for their own benefit of the laws of the State in the conduct of business within its limits, and then escape their due contribution to the public needs through action of this sort, whether taken for convenience or design." If the real and beneficial owner of property resides in this State, he is protected by our laws and has all the benefits and advantages enjoyed by our citizens, and so we demand that he must contribute his share towards defraying the expenses of the government whose protection he receives. In exacting this con-

tribution we do not stop to inquire where the evidences of the debts that he owns are located, or where his intangible property is situated. He is the owner of it; and, as it can not well have a situs for taxation in this State at any other place than his residence, at that place it must be assessed for taxation. But our laws do not end at exacting this contribution from the real owner. They require all fiduciaries and agents qualified or appointed in this State who have in their custody any estate that has come to them by virtue of their office to list it, because it is also protected by our laws and should bear its share of the public burden.

In Baldwin v. Shine, 8 R. 496, 84 Ky. 502, 2 S. W. 164, strongly relied upon by counsel for appellant, a phase of the question under consideration was involved, but an examination of the case will show it does not sustain the contention of counsel. It appears from the opinion that Robert B. Bowler died domiciled in Hamilton county, Ohio, the owner of a large estate in both that State and this. Administration was granted in the State of Ohio, and afterwards administration was also granted in this State. The Kentucky administrator, after his qualification in this State, had the estate appraised, and an inventory thereof filed in the court in this State in which he qualified, and continued for several years to act as administrator, finally settling his accounts in the Kenton County Court in this State. In a proceeding by a revenue agent to subject to taxation the estate in the hands of the Kentucky administrator during the years that it was in the custody of the administrator and before its distribution by him, one of the defenses made was that the assets in his hands being

mere indebtedness had no actual situs, and must be treated as constructively located with the owners at their domicile in Ohio, and hence were not subject to taxation in this State. In answer to this the court said:

"It is true that debts have no place independent of the domicile of the owner. While specific articles of personal property permanently located in this State and belonging to nonresidents may be listed even to the possessor, yet evidences of indebtedness have no actual situs here, and must be treated as located with the nonresident owner; but that case is not this one. The word 'owner' in the statute refers to the person in whom the title is vested, either absolute or qualified. Here the estate was taken in charge by the Kentucky administrator. The legal title was in him. The estate followed him, and was annexed to his person, thereby having an actual situs in this State, by the law of which it was protected. Moreover, it was under the charge of and had to be distributed through a court of this State. These facts clearly show that the second ground of complaint is untenable." That there is a marked difference between that case and the one at bar is manifest. It is evident from the opinion that the court was largely, if not altogether, influenced by the fact that the property sought to be taxed had an actual situs in this State in the custody of the personal representative who lived in and was appointed by the courts of this State, and whose official residence was in this State. To the same effect is Boske, Sheriff v. Security Trust & Safety Vault Co. (Ky.), 22 R. 181, 56 S. W. 524. In Commonwealth v. Williams, Ex'or, 102 Va. 778, 47 S. E. 867, 1 Am. & Eng. Ann. Cas. 434, also relied on by counsel,

we find the following state of facts: Mrs. Williams, a citizen and resident of Amhurst county, Va., died in that county, and there her executor qualified. At the time of her death she owned a large personal estate, consisting in the main of stocks and bonds, a part of which were in a safety vault in the city of New York. After her death these stocks and bonds were permitted by the executor to remain in New York. In considering the right of the State to require the executor to pay taxes on this property the court said: "The property, real and personal, which had belonged to her during her lifetime, continued to be the subject of taxation after her death. It passed under her will, and therefore it comes within the terms of the statute. To the moment of the death of Mrs. Williams it was, as we have seen, properly taxable in Amhurst county. By her will title to all her personalty passed to her executor. He was not in possession on the first of February, 1901, of the paper evidences of this New York personalty, nor was his testatrix in such possession at the time of her death. That fact did not exempt it from taxation in this State during her lifetime. Why should it operate to shield it from taxation after her death when by her will the title to this property passed to the executor?" And, citing in support of its conclusion a number of cases, it held that the estate was subject to taxation. To the same effect is Mayor of Gallatin v. Alexander, 10 Lea (Tenn.) 475. But in these, as in the Baldwin Case, supra, the effort was made to tax the property at the residence of the personal representative in the State in which he qualified, and the court held that for purposes of taxation the situs of the intangible personal property was at the place of the executor's official residence.

Counsel for appellant have not cited us to, nor have we after diligent search found, any authority that would sustain the right to subject this property to taxation in this State. To hold it liable to taxation it would be necessary to go far beyond the general principles that usually control in cases of this char-acter. We would be obliged to say that merely be-cause an individual who happens to be the personal representative resides in this State he must assess for taxation at the place of his residence the property held by him in an official capacity, although such prop-erty was never at any time in this State for any pur-pose. A tax like this could not be sustained upon the ground that the property taxed derived any pro-tection from the laws of this State, because it does not, nor upon the ground that the personal repre-sentative in his official capacity receives any benefits or advantages under our laws because he does not. Of course, the fact that the corporation pays the taxes on the property in another State does not affect the right or power of this State to require the owner, if he were living, to list the stocks for taxation in this State; and so, if the executor had qualified in this State and had what may be termed an official or ex-ecutorial residence in this State, he would also be obliged to list them for taxation before they were dis-tributed among the beneficiaries of the estate, as he would occupy the same relation to the property as the decedent did when living.

Nor do we attach controlling importance to the fact that the paper evidences of the stock sought to be as-sessed was at all times actually in a safety vault or in the custody of some person out of this State. The mere physical location of the stock is not the test of

its liability for assessment. The adoption of this rule would often defeat the collection of taxes that were justly due and put it in the power of fiduciaries and others to escape taxation upon intangible personal property by simply removing it from the State during the time that our laws require its assessment, or, for that matter permanently, as it could, although in another State, be as well managed and controlled by the executor as if it were in a vault in this State. But the presence of these evidences of property might in some instances aid in fixing the place in this State at which they must be assessed if a question was made as to the place in this State at which the property should be subject to taxation. But, except in this particular, and as furnishing some evidence of the situs of the property in this State for taxation, it is not material whether the evidences of debt are in or out of the State. The real question in this case, and the one by which the right to tax must be tested, is: Did the property, by virtue of its legal ownership by the executor have a situs for taxation in this State? If the executor had qualified in this State, and had thereby obtained an official residence in this State, or if the estate in his hands was invested in this State, we would not have any doubt about its liability for taxation. But here the attempt is to require the executor to pay taxes upon property that he holds by virtue of his appointment in another State, and when no part of the property legally in his custody is within the jurisdiction of this State. A person may occupy the two relations of individual and executor; and as individual be subject to the laws and jurisdiction of one State, and in his official capacity be subject to the laws and jurisdiction of another State. He might as

executor have the legal ownership of property over which our courts would have no jurisdiction. As illustrating this view, attention may be called to Gallup v. Schmidt, 154 Ind. 196, 56 N. E. 443, in which the facts were these: Gallup died testate in Marion county, Ind., the owner and in possession of a large personal estate in that county. His will was admitted to probate in the probate court, and a resident of the State of New Hampshire qualified in the Indiana court as executor. An effort was made by the fiscal authorities of Marion county to tax the estate of the decedent. In considering the case, the court said in part: "The official residence of the executor, so far as the taxation and administration of the assets in his possession were concerned, was in Marion county. As a trustee of the property he had his creation by the Marion Circuit Court, and had no existence or authority outside of said county, except as he drew it from the court of his appointment. In contempla-tion of law he is ever present and officially resident in the Marion Circuit Court during the pendency of his trust, and required, without notice, other than presentation, to answer to every sort of claim or de-mand within the jurisdiction of the court asserted against the assets in his hands for administra-tion." And so we may say that a personal represen-tative is not the owner of the estate in his hands in the full sense that the decedent was. People v. Coleman, 119 N. Y. 137, 23 N. E. 488, 7 L. R. A. 407. It is true that he is the legal owner for the time being, but this is only by virtue of his appointment. The es-tate does not follow him into every place he may hap-pen to have a residence, as it would the owner. His official domicile is the State of his appointment. To

the laws of that State he owes allegiance in his fiducial or official capacity, and to its laws he is answerable for the conduct of the estate coming to his care. Nor is there any sound reason why the fiction that intangible personal property follows the person of the owner should be extended to embrace in all its aspects the legal ownership of the fiduciary. The estate of the decedent is attached to the person of the personal representative in the place where he qualifies. It is there that he in legal contemplation resides. His official home is in the State under whose laws he derives all his authority. What he does in other States is under and by virtue of this appointment.

A case very much like the one we are considering, and that supports the conclusion we have reached, is Goodsite v. Lane, 139 Fed. 593, 72 C. C. A. 281, 2 Am. & Eng. Ann. Cas. 849, in which the United States Circuit Court of Appeals had before it the question, "Whether personal property consisting of stocks and bonds held in New York on deposit with a bank and trust company by a trustee appointed by a court in Connecticut, under the will of a resident of Connecticut, for the benefit of an heir and legatee residing in Connecticut, and which had never been brought into or invested in Ohio, was taxable by the latter State for the sole reason that such trustee was a resident of Ohio." In considering the case the court said: "The question here is: Was either this Connecticut estate, or its trustee, as such, within the jurisdiction of Ohio? The statute of Ohio provides that 'all property, whether real or personal, in this State * * * and all moneys, credits, investments in bonds, stocks or otherwise, of persons residing in this State, shall be subject to taxation.' As construed by the Supreme Court

of Ohio, 'the first clause evidently embraces the tangible property, real or personal, situated in this State, irrespective of the residence of the owner, and the second clause embraces all intangible property of persons residing in this State, irrespective of where the subject of the property may be situated.' Applying the rule mentioned, supra, the State of Ohio taxes tangible property located in the State because of its jurisdiction of the property; and it taxes intangible property located without the State because of its jurisdiction of the persons residing in the State who hold it. The property involved in this case had never been brought within the State of Ohio, and therefore could not be taxed upon the ground that it was tangible property within the State. The tax must be sustained, if at all, upon the ground that the estate was the property of a person residing in Ohio, who, being within the jurisdiction of the State, and owing it an obligation, might be compelled to contribute to its support out of his property wherever located. The exaction must find its justification in the privileges and protection enjoyed in the State under its laws by the person taxed in the capacity in which taxed. The person taxed must therefore be in the jurisdiction of the State not only personally, but officially, in the capacity in which he is taxed, and in that capacity must be enjoying the benefits referred to. In the case of a trustee he must be exercising his office of trustee within the State, and be enjoying, as trustee, privileges of value to the estate, for which it is just the estate should pay. An examination of the cases will show that, where this tax has been sustained, either the trust estate or the beneficiary or the trustee, as trustee, was receiving benefits from the State, for

which it was only fair the trustee should pay. But where the estate and beneficiaries were outside the State, and the trustee only resided, and did not act as trustee within the State, the tax was not sustained. In the present case neither the trust estate nor the beneficiaries nor the trustee in any proper sense was within the jurisdiction of the State of Ohio. The trust estate was in New York. The trustee was appointed in Connecticut, and acted wholly outside of Ohio. The fact that as an individual he resided in Ohio could not authorize the taxation of this foreign estate, which had received no benefit whatever from the laws of Ohio.''

Further illustrating this view is the case of Bonaparte v. State of Maryland, 63 Md. 465, where the court said, in speaking of an executor where the question involved was the right to subject the estate in his hands to taxation: ''But he held it in the special character of an officer of the law for the specific and temporary purpose of the administration of the property under the supervision and direction of the court from which he received letters testamentary. The domicile of a testator when living determines the situs of his personal property of an intangible nature not permanently located elsewhere for purposes of taxation, and his place of domicile at the time of his death determines the place of administering his estate. The situs of the personal property generally speaking, and the residence of the administrator, for the purposes of administration, place them in legal contemplation in the city or county of the court exercising jurisdiction. The personal property, therefore, of an intangible nature not permanently located elsewhere, such as bonds and stocks, must be deemed to remain within the jurisdiction of the court pending the settlement

of the estate, and be there liable to taxation. When distribution has been made, and the fact of its transfer has been communicated to the tax authorities, the administrator's or executor's liability to pay the taxes upon it of course ceases.'' And so in Burroughs on Taxation, Sec. 98, it is said: ''The personal property of decedents is taxed on the domicile of the decedent to the person having the legal title, and not in the name of the deceased person. During the settlement of the estate, it must have a situs somewhere, and none so appropriate as where the decedent lived. When the estate is settled and paid to the heirs or legatees, it is then assessed to such persons at their residence.'' Supporting this principle are the cases of Spalding v. Commonwealth, 10 R. 714, 88 Ky. 135, 10 S. W. 420; Youtsey v. Commonwealth, 110 Ky. 555, 62 S. W. 262, 22 R. 1914.

Nor does the fact that section 4058 of the Kentucky Statutes require all persons to answer this interrogatory, ''are you, or were you, on the first day of September of the present year, executor of the will or administrator or curator of the estate of any deceased person, or guardian, committee, or assignee, commissioner, receiver or trustee of any person, or have you in your possession or under your control any property, money, or other thing of value belonging to any other person or corporation? Answer ———. If the answer is 'Yes,' the person is required to list such property separate from his own, and in the name of the real owner, and show by whom listed''—militate against the conclusion we have reached. This statute manifestly applies to an executor or other fiduciary who has qualified in this State, or who has within this State money or property in his custody, that he is investing or using in business in

such a manner as to bring the estate within the rule laid down in the Higgins and Dun Cases, supra. In our opinion it would be unsound in principle and unjust in practice to subject to taxation these estates.

Wherefore the judgment in each case is affirmed.