## STATE v. VICTOR M. WATKINS and Others.[1]

May 28, 1909.

Nos. 16,188—(20).

**Charitable Trust — Taxation.**

> The testatrix by her will gave the bulk of her estate for the endowment of a purely public charity, to be administered by a corporation to be organized and known as the "Amherst H. Wilder Charity," subject to a charge on the property to secure a conditional annuity of ten thousand dollars to her husband. The corporation was duly organized, and the residue of the estate assigned in accordance with the terms of the will, by the final decree of distribution of the probate court, November 18, 1905. Her husband appealed from the decree, and it was affirmed prior to May 1, 1907, but the remittitur was not sent down until June, 1907. The property, on May 1, 1907, by reason of the appeal, was in the possession of the executors of the will, and was assessed for taxation for that year.
>
> *Held*, that the property was exempt from taxation for the year 1907.

The executors of the estate of Cornelia Day Wilder Appleby, deceased, were cited to show cause before the district court for Ramsey county why they should not pay taxes in the sum of $2,109.25, including penalty, assessed against them for personal property for the year 1907. They answered that the property assessed was exempt from taxation, being part of a fund devoted to charitable purposes.

[1]Reported in 121 N. W. 390.

The matter was submitted upon stipulated facts before Hallam, J., who made findings and ordered judgment in favor of the executors. From the judgment entered pursuant to the order, the state appealed. Affirmed.

*Richard D. O'Brien* and *Patrick J. Ryan,* for the state.

*Frank B. Kellogg, C. A. Severance,* and *Robert E. Olds,* for respondents.

START, C. J.

Appeal by the state from the judgment of the district court of the county of Ramsey, in a proceeding to collect personal property taxes, adjudging that the proceeding be dismissed for the reason that the assessment of the taxes was void, because the property which was the basis of the assessment was exempt from taxation. The facts, so far as here material, are to the effect:

Cornelia Day Wilder Appleby died testate in 1903. Her will was duly probated in the probate court of the county of Ramsey, and the respondents were duly appointed executors thereof. They accepted the trust and were acting as such on May 1, 1907, the date of the assessment in question. The testatrix, by her will, gave the greater part of her fortune for the establishment and maintenance of a public charity to be known as the "Amherst H. Wilder Charity," for the relief of the worthy poor in the city of St. Paul, subject to a charge upon the property to secure the payment of a conditional life income or annuity of ten thousand dollars to her husband, Dr. Appleby, to be paid to him semi-annually. The will, for the purpose of securing to him such annuity, gave the trustees named therein, as trustees of what for convenience of designation was named the Dr. Appleby Trust, an amount of her estate amply sufficient to produce an income to insure to Dr. Appleby the annuity which was to be paid to him so long as he should live and remain unmarried. The will, in this connection, also directed the trustees to set apart from the rest of the testate's estate securities sufficient to produce an annual income of at least ten thousand dollars. They accordingly set aside securities for such purposes of the value of $346,515, producing an annual income of $18,615. The securities so set apart were on

May 1, 1907, in the possession and control of the respondents as executors.

The will further provided that, upon the termination of the Dr. Appleby trust by his marriage or death, all the property given to the trustees of such trust should become a part of the testatrix's general estate, and be included as a part of the Amherst H. Wilder charity. This charity was not incorporated at the time the will was made; but the residue of the estate was given thereby to trustees, therein named, to hold it as such for a corporation directed to be organized to administer the charity. On November 18, 1905, the probate court duly made its final decree of distribution of the residue estate of the testatrix in accordance with the terms of the will. On the first day of May, 1907, the Amherst H. Wilder charity, founded by Cornelia Day Wilder Appleby, mentioned in the final decree, was and still is a corporation duly organized and created under the laws of the state of Minnesota, and is an institution of purely public charity. The residue of the estate by the final decree was assigned to such corporation for the purpose of administering the charity created by the will. Dr. Appleby appealed to the district court, where the decree (except as to a matter not here material) was affirmed. He then appealed to this court, which affirmed the decision of the district court on March 28, 1907 (Appleby v. Appleby, 100 Minn. 408, 111 N. W. 305, 10 L. R. A. (N. S.) 590, 117 Am. St. 709), but the remittitur was not sent down until after May 1, 1907. On the day last named the residue of the estate of the testatrix, including the securities referred to, was in the hands of the respondents as executors, and it was assessed and valued as of that day for taxation in the sum of $65,000, which is the basis of the tax, amounting to $1,917.50, here in question.

It is asserted in the brief of the state that on May 1, 1907, the final decree had not been entered, the residue of the estate had not been assigned to the Amherst H. Wilder charity, and there was no charitable institution in existence. From these premises it is claimed that the whole residue of the estate was unassigned and in the hands of the executors for the purposes of administration, and, therefore, the property was rightly assessed for taxation. Whether the estate of the testate, while it was in the hands of the executors for the purposes of

administration was subject to taxation, is a question not before us. The findings of fact of the trial court, which are not challenged, show that on May 1, 1907, the final decree had been entered, and the residue of the estate was by it assigned to the Amherst H. Wilder charity, a then existing and duly organized corporation, for the purpose of administering the charity created by the will. The question for our decision is, then, whether the suspension of the operation of the final decree by the appeals, leaving the residue of the estate in the hands of the executors for the sole purpose of delivering it to the distributee in case the decree was affirmed, made the property taxable for the year 1907. The decree was affirmed, and thereby the rights of all parties were finally fixed by relation as of the date of the decree. Such being the case, we hold, upon principle and authority, that the residue of the estate, excluding that portion set apart for the Dr. Appleby trust, was clearly exempt from taxation on May 1, 1907. People v. Wells, 179 N. Y. 257, 71 N. E. 1126; New England Hospital v. City, 113 Mass. 518.

It is the further contention of the state that, in any event, so much of the estate of the testatrix as was set apart for the Dr. Appleby trust was subject to taxation on May 1, 1907. In considering this question, the precise facts must be kept in mind. The setting aside of an amount of the estate sufficient to secure at least an annual income of ten thousand dollars was for the purpose of insuring to Dr. Appleby the payment of the annual income or annuity provided by the will, which was made a charge upon the whole estate. If the whole income of the property to be set aside had been given to Dr. Appleby for life or so long as he remained unmarried, it may be conceded that his interest would have been taxable, and that it would have been the duty of the executors or trustees to pay the taxes assessed upon his interest and deduct the amount thereof from the income. But such is not the case, for, as we have stated, the gift to Dr. Appleby was a conditional annuity of ten thousand dollars. Such being the case, he had no taxable interest in the property (R. L. 1905, § 797, subd. 7), and any tax levied thereon could not be deducted from his annuity, but would have to be paid out of the property constituting the endowment of the nontaxable charity corporation.

It is suggested, in effect, that if property may be given by will or gift to a charitable corporation, charged with the payment of a life annuity to the donor or other party, exempt from taxation, the annuity might be so large as to deprive the corporation of any beneficial use of the property for an indefinite time and secure to the annuitant the beneficial use of the property for life without taxation. If such would be the result, the suggestion would be entitled to serious consideration. The annuity, however, in this and in all similar cases, would not be a charity, and the statute expressly provides for the taxation of the income of every annuity, unless the capital of the annuity be taxed within this state. R. L. 1905, § 797, subd. 7.

It is clear that the part of the residue of the estate which was set apart for the Dr. Appleby trust was exempt from taxation on May 1, 1907, for the same reason that the rest of the estate was so exempt. Any attempt to tax either was an attempt to tax the property of a public charity. Williston Seminary v. County, 147 Mass. 427, 18 N. E. 210; Norton's Exrs. v. City, 118 Ky. 836, 82 S. W. 621.

It follows that the judgment of the district court, adjudging that the property upon which the taxes here in question were assessed was exempt from taxation, was correct.

Judgment affirmed.