Merrimack, }
Jan. 4, 1916. }

### Archibald McLellan & a., Trustees *v.* Concord.

Property which has passed to permanent trustees under a final decree of the probate court, though formerly belonging to a resident decedent, is not property of his estate, but is property in the hands of the trustees, and hence is taxable under P. S., c. 56, s. 27.

Trust funds are taxable under P. S., c. 56, s. 27 to each of several trustees *pro rata* in the towns where they respectively reside, excluding from taxation the proportionate shares of non-resident trustees, except in the case where there is a resident beneficiary.

In determining the place where, or the person to whom a testamentary trust shall be taxed, the testator's residence at the time of his death is immaterial.

PETITION, for an abatement of taxes assessed against the plaintiffs by the assessors of Concord upon a trust fund held by them as trustees appointed by the probate court of Merrimack county under the will of the late Mary Baker G. Eddy. Facts agreed. Five of the trustees are residents of Brookline, Mass., and one of the city of Concord. Mrs. Eddy died December, 3, 1910, and had her domicile at that time in Concord. The objects of the trust were to keep in repair certain church buildings of the First Church of Christ, Scientist, in Boston, Mass., and to more effectually promote and extend the religion of Christian Science as taught by the testatrix. After her estate was duly administered upon in the probate court for Merrimack county, the petitioners were appointed by said court as trustees to hold the trust fund and to execute the trust. After the account of the administrator *de bonis non* was settled and allowed, the residuary estate was transferred by him to the petitioners as trustees, in accordance with the provisions of the will, and is now held by them in that capacity. The assessors of Concord assessed against the petitioners for the year 1915 a tax upon the entire fund, and refused to abate any part of it. The superior court (*Chamberlin,* J.) transferred the case from the April term, 1915, without a ruling.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Demond* orally), for the plaintiffs.

*Alexander Murchie,* City Solicitor (by brief and orally), for the defendant.

WALKER, J. The trustees hold the fund created by the testatrix

for the accomplishment of the purposes óf the trust. As such trus-
tees they received the trust property from the administrator upon
the settlement of the estate in the probate court. Hence the
question here presented relates to the taxation of property formerly
belonging to a decedent, which has passed to permanent trustees
under the final decree of the probate court. It is not the property of
the estate pending administration proceedings, but the property in
the hands of the trustees after the administration is closed. The
statute applicable to such a situation and the one under which the
tax in question was imposed is s. 27, c. 56, P. S., which provides
that, "The real and personal estate of any legatee or ward, and
all taxable property held in trust, shall be taxed to the adminis-
trator, guardian, or trustee,—the real estate in the town in which
it is situated, and the personal estate in the town in which such
administrator, trustee, or guardian resides, if in this state, otherwise
in the town in which such legatee, ward, or person beneficially in-
terested resides; but living animals and stock in trade shall be taxed
in the town in which they are kept."

There is no contention that the character of the property in the
hands of the trustees is such that it is exempt from taxation. If the
entire fund was properly assessed to the trustees in Concord, under
the statute above quoted, the petition for an abatement must be
denied; otherwise an abatement must be ordered. The issue be-
tween the parties makes it necessary to decide whether the statute
authorized the assessment of the whole fund to the trustees, only
one of whom lived in Concord, while the other five resided in the
Commonwealth of Massachusetts. In other words, the question is
whether Concord is entitled to the tax on the whole fund or on only
one-sixth part of it.

If all the trustees were residents of this state living in different
towns, under the universal practice that has prevailed for many
years, each would be taxed in the town in which he lived for one-
sixth part of the trust property. This practice, it is believed, has
been adopted by the assessors of Concord in many instances. See
Tax Commissioners' Report for 1908, p. 57; and also Laws 1909,
c. 55, where this general practice in regard to the apportionment of
railroad taxes was changed, but the change did not apply to or
affect the assessment of other taxes. The statute is in its general
effect a recognition of the validity of this method of assessing other
classes of trust property. This practical contemporaneous con-
struction of the statute extending over a long period of time is evi-

dently based upon the theory that each trustee is in a sense the owner of a *pro rata* share of the property, and in accordance with the statute is taxable for that share in the town of his residence. *Rand* v. *Pittsfield*, 70 N. H. 530. The residence of the settlor of the trust is not important in giving effect to the statute. If, as in this case, the trust is a testamentary one, the residence of the testator at the time of his death is immaterial in determining where or to whom the fund shall be taxed. It is only important to inquire who the trustees are and where they live; and then apportion such part of the fund for taxation to each trustee in the town of his residence, as one bears to the number of trustees. If one of six trustees lives in Concord and the other five in Manchester, it would not probably be argued that this method of dividing the tax burden is erroneous. Each trustee is not liable for the tax on the whole property, for such an assessment would result in taxing it as many times as there are trustees, in violation of the established doctrine of taxation. *Nashua Savings Bank* v. *Nashua*, 46 N. H. 389, 393. The apportionment of a trust fund for taxation held by several trustees resident in different towns in the same state, in the absence of express statutory direction, has been approved in other jurisdictions. *Hardy* v. *Yarmouth*, 6 Allen 277; *Baltimore* v. *Stirling*, 29 Md. 48; *Trustees* v. *Augusta*, 90 Ga. 634. And it has also been held that when some of the trustees reside outside the state the resident trustees are only liable to be taxed for a *pro rata* share of the fund. *Tax Appeal Court* v. *Gill*, 50 Md. 377; *Mackay* v. *San Francisco*, 128 Cal. 678. The fact of the non-residence of some of the trustees does not authorize the taxation of the resident trustees for the whole fund. The statute contains no such provision.

In order to make the statute effective when the trustees are residents of different towns in this state the construction above suggested is not only a reasonable one, but it is in accordance with the apparent intention of the legislature. It regarded a sole trustee in possession of the property as the proper person to be taxed for it in the town of his residence. From this fact the natural, if not the necessary, inference is that several trustees were deemed to be proper persons to be taxed for a *pro rata* share of it in the several towns of their residence. But no express provision is contained in the statute, and it cannot be implied, that the *pro rata* shares of foreign trustees should be taxed in this state, although the fund was established. under the will of a deceased resident, except in case there was a resident beneficiary. In short, no provision is made for the taxa-

tion of such shares of trust funds held by foreign trustees. Nor is there any· provision for their taxation when a co-trustee happens to· live in the town where the deceased resided at the time of his death. Such a holding would be positive legislation and not legitimate con- ·struction.

The fact that Mrs. Eddy was a resident of Concord does not indicate that the fund should be taxed in that city, for the statute provides it shall be taxed to the trustees, if they reside in this state, at their respective residences, and makes no provision for its taxation when they do not live in this state. "Property must be taxed to the parties and in places that the law prescribes, and cannot be taxed to other parties or in other places." *Nashua Savings Bank* v. *Nashua*, 46 N. H. 389, 393. Nor does the fact, that the trustees were appointed by the probate court of Merrimack county, which includes the city of Concord where one of the trustees resides, afford even an equitable reason why that city should have the benefit of the tax on the whole fund, rather than any other or all other towns in the county. It is a sufficient answer to such arguments to say that the statute does not so provide. *Augusta* v. *Kimball*, 91 Me. 605, 608.

The reliance of the defendant upon the recent decision in *Crosby* v. *Charlestown*, 78 N. H. 39 is misplaced. The two cases are not similar. In the Crosby case Miss Gilson, the deceased, was a resident of Charlestown, N. H. and left certain intangible property which she disposed of by will, designating two residents of Minnesota as executors. The securities were deposited by her for safety in a bank in Minneapolis. Before administration was taken out here, but after ancillary administration was begun in Minnesota, the assessors of Charlestown assessed a tax upon the securities to the estate of the deceased. Subsequently the executors named in the will having been appointed by the probate court here, began proceedings for an abatement of the tax, which was finally denied, upon the grounds that the *situs* of the property remained in Charlestown where it was at the decease of Miss Gilson, at least until administration was taken out here, and that the executors appointed in the ancillary proceedings in Minnesota did not acquire title to the securities merely by the appointment so as to preclude their taxation here to her estate under a statute (s. 26, c. 56, P. S.), which was intended to apply to the taxation of the property of a deceased person before the appointment of an administrator or executor by the probate court. *Kent* v. *Exeter*, 68 N. H. 469. This proceeding is for the abatement of a

tax assessed under *s.* 27 of the same chapter which was intended to apply to a trust estate created by will, the *corpus* of which has become vested in a trustee or trustees upon the settlement and distribution of the estate.   The question in the case at bar is, not whether ancillary executors appointed in a foreign jurisdiction acquire title to the intangible property of the deceased, the evidences of which happen to be held on deposit in that jurisdiction, thus causing the *situs* of the property to be transferred from the state of the deceased's residence to the state of the executor's residence, but whether under *s.* 27 the whole trust fund after the settlement of the estate is taxable in the town where the deceased resided at her death and where one of the trustees lives, when some of the trustees live in another state.   The two questions are so dissimilar that they do not admit of similar discussion in their solution.   The Crosby case is not an authority for the defendant.

But it is unnecessary to continue the discussion of this subject or to review the cases cited by the defendant from other states (*Goodsite* v. *Lane*, 139 Fed. Rep. 593; *Hawk* v. *Bonn*, 6 Ohio C. Ct. 452; *People* v. *Coleman*, 119 N. Y. 137; *Gallup* v. *Schmidt*, 154 Ind. 196; *Commonwealth* v. *Peebles*, 134 Ky. 121), for the reason that the construction of the statute of this state which is here material was not involved in those cases.   Moreover the question of jurisdiction to tax this property upon which some of the cases cited were decided has not been considered.   The foregoing discussion has proceeded upon the theory that if the state had the power to tax the whole fund, it has not provided the necessary machinery.   Since the legislature has in effect declared that trust funds shall be taxed *pro rata* to the trustees in the towns where they live, thus necessarily excluding non-resident trustees, it is difficult to discover what legislative authority exists under which Concord is entitled to tax the petitioners residing in Massachusetts for their *pro rata* share of the fund.   Whether the legislature might authorize such procedure is a jurisdictional question of no importance in this case, since that body has not attempted to confer such power by section 27.   If it is competent for the legislature to provide that testamentary trust funds in the hands of trustees appointed by the probate courts of the state shall be taxed in the town where the deceased had his residence at the time of his death, no statute of that import existed at the time this tax was assessed.

The legislature of 1915 amended section 27 apparently intending to make it broader in its scope (Laws 1915, *c.* 172), but as the amended

section is not applicable to this assessment, since it did not take effect until after the assessment was made, no opinion is expressed in regard to its effect upon a state of facts similar to the case here considered.

The petitioners are entitled to an abatement of five-sixths of the tax assessed upon the trust fund.

*Judgment for the petitioners.*

All concurred.